[S. F. No. 708.   Department Two.—January 17, 1898.]

PACIFIC POSTAL TELEGRAPH CABLE COMPANY, Appellant, v. HENRY P. DALTON, Assessor of Alameda County, Respondent.

Collection of Personal Property Taxes by Assessor — Constitutional Law—Case Affirmed.—That part of the revenue laws which provides for the payment of taxes on personal property by those who do not own real estate, and for the collection thereof by the assessor at the time of the assessment is constitutional and valid. *Rode v. Siebe,* ante, p. 518, affirmed.

Id.—Fraudulent Valuation by Assessor—Injunction to Restrain Collection—Sufficiency of Complaint.—A complaint which shows a fraudulent assessment of the personal property of the plaintiff by the assessor, at a valuation greatly in excess of its actual value, and greatly above that placed by the assessors on similar property of others, with intent to oppress the plaintiff and to compel plaintiff to bear an excessive share of the burden of taxation, and alleging a tender to the assessor of the just amount of taxes conceded to be due, sufficiently states a cause of action to restrain the assessor from proceeding to collect the taxes assessed, as against a general demurrer, though as against a special demurrer it might have been made more definite and precise to the point that the assessment was not made from mere error of judgment.

APPEAL from a judgment of the Superior Court of Alameda County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Lloyd & Wood, for Appellant.

Davis & Hill, for Respondent.

McFARLAND, J.—This action was brought by plaintiff to restrain the defendant, as assessor, from selling certain personal property of the plaintiff for taxes. A general demurrer was interposed to the complaint, upon the ground that the facts stated therein were not sufficient to constitute a cause of action, but there was no special demurrer. The court below sustained the demurrer, refused to allow plaintiff to amend, and gave judgment for defendant. Plaintiff appeals from the judgment.

The point made by appellant that the part of the revenue laws which provides for the payment of taxes on personal property by

those who do not own real estate is unconstitutional was decided adversely to appellant's contention in the recent case of *Rode v. Siebe, ante,* p. 518.

But we think that the complaint states a cause of action consisting of the alleged fraudulent assessment of appellant's property at a valuation much greater than its actual value; at least, that the complaint is good in this respect as against a general demurrer. The property assessed consists of certain telegraph lines and instruments situated in Alameda county. The complaint avers the actual value of said property to be a certain amount, and that the respondent assessed said property at greatly excessive and exorbitant rates of value over and above its real value. It is averred that "said valuations were excessive and greatly over and above the valuations placed by said assessor upon similar property." It is then specifically averred that the Western Union Telegraph Company has telegraphic lines located in said county near the property of the appellant, and of greater value; and it is averred with great detail that where the two lines run through different cities, towns, and places in said county, the assessor puts valuations upon the lines of said Western Union Company greatly less than the valuations put upon property of the appellant. After averring the different and unequal assessments of the said two lines of telegraph, it is further averred in the complaint as follows: "And plaintiff further alleges that all and singular of the facts aforesaid were well known to defendant at the time of making the assessment and valuation of the property of the plaintiff as aforesaid; and, notwithstanding the knowledge and information, the defendant did proceed to and did assess and value the property of the plaintiff far beyond its value for taxable purposes, and far in excess of the valuation and assessment made by him of like property and used for like purposes by the Western Union Telegraph; and the plaintiff alleges that upon the basis of assessment taken and assumed by defendant for the purpose of assessing the value of the telegraph line of the Western Union Company, it will and does appear that the assessment of the valuation of the property of plaintiff is grossly extravagant and unjust and unreasonable." And with respect to the character of the valuation of appellant's property it is averred: "That the said defendant, in making the valuations aforesaid, and in

assessing said personal property at such valuations, has been guilty of fraudulent conduct, and has acted fraudulently and with intent to oppress the plaintiff and compel it to bear more than its just share of the burden of taxation, and that said valuations were excessive and greatly over and above the valuations placed by said assessor upon similar property."

We think that the averments above referred to state sufficient facts to show that the assessment was fraudulent; and, whether or not the complaint could have been attacked by special demurrer, on the ground that the attempted statement was uncertain or imperfect, we do not think that there is an entire failure to state facts constituting a cause of action. And, if the assessment was thus fraudulent, it is clear that the appellant had a right to restrain the assessor from proceeding to collect the taxes. In *County of Los Angeles v. Ballerino*, 99 Cal. 597, this court said: "It is undoubtedly true that a taxpayer may enjoin the collection of a tax founded upon an assessment fraudulently and corruptly made with the intention of discriminating against him, and for the purpose of causing him to pay more than his share of the public taxes. (*Merrill v. Humphrey*, 24 Mich. 170; *Lefferts v. Board of Supervisors*, 21 Wis. 688; *Milwaukee Iron Co. v. Hubbard*, 29 Wis. 51.)" In that case it was held that the demurrer was properly sustained because the plaintiff there did not show by his complaint that he had paid or tendered the amount of taxes which would have been due from him if his property had been assessed properly; but in the case at bar the plaintiff alleged that he had tendered the amount of taxes that would have been due upon a proper valuation. The difference between the complaint in the Ballerino case and that in the case at bar is, that in the former it was averred: "That such exorbitant assessment on this parcel of real property was not from error of judgment on the part of said assessor, but was done from corrupt and fraudulent motives as aforesaid"; but we think that in the case at bar the complaint contains substantially that averment. It is averred in the present case that the fact of the exorbitant valuation was "well known to defendant at the time of making the assessment," and that in making the valuation the defendant acted fraudulently "and with intent to oppress the plaintiff and compel it to bear more than its just share of the burden of taxation"; and

these averments certainly show that the exorbitant assessment was not "from error of judgment on the part of said assessor," but was made with the fraudulent intention of compelling appellant to bear more than its just share of the burden of taxation. The averment might have been more specific and precise to the point that the assessment was not made from mere error of judgment, but it cannot be said that there was a total failure to state the facts which constituted the alleged fraudulent assessment. In *Lefferts v. Board of Supervisors, supra,* where the supreme court of Wisconsin held that the lower court erred in sustaining a demurrer to the complaint, the averments were substantially like those in the case at bar. There the court said: "In deciding upon the sufficiency of the complaint, we expressly confine ourselves to a consideration of the allegations that the town assessors fraudulently made a distinction in the assessment and taxation against the plaintiff, and did this with the intention and design of compelling him to pay more than his just proportion of the taxes. Upon this allegation we have no hesitancy in saying the plaintiff is entitled to the relief demanded in the complaint."

Whether or not the averments of the complaint are true is a question not now before us; but, taking them to be true as alleged in the complaint, as we must do in passing upon the demurrer, we think that the complaint sufficiently states a cause of action.

The judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer.

Temple, J., and Henshaw, J., concurred.