C. M. AND C. R. CRAWFORD, Appellants, v. POLK COUNTY
AND H. C. MURPHY, Treasurer.

Discriminating Taxation:    REMEDIES.    Code 1873, section 831, de-
     clares that any person feeling himself aggrieved in the assess-
     ment of his property may appear before the board of equaliza-
     tion, and that appeals may be taken therefrom to the circuit
     court. Act, March 3, 1845, section 6, subdivision 5, admitting
     Iowa to the Union, prohibits the taxing of property of non-
     residents at a greater rate than that of residents. *Held*, where
     the petition of non-residents alleged that their property had
     been assessed at too great a valuation, for the purpose of dis-
     criminating against non-residents, in violation of the act of
     1845, and prayed that the assessment be declared void, and the
     amount of tax properly payable determined, the relief should
     not be granted, since the remedy provided by section 831 is
     exclusive, and the court has no power to make an assessment.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON,
Judge.

THURSDAY, OCTOBER 11, 1900.

THE petition alleged that plaintiffs were owners of
three 80-acre tracts of land, situated within the corporate
limits of Des Moines, and properly assessable at $23,600;
that the acting assessor, with the purpose of discriminating
against nonresidents, arbitrarily assessed said land at the
valuation of $37,800; that they had no notice of
this in time to appear before the board of equal-
ization; that they tendered to the county treasurer
payment of all taxes, based on a fair assessment,
and are ready to pay any amount fixed by the court;
that the assessment was fraudulent, and in contravention
of the act of congress admitting Iowa as a state, providing,
among other things, "that in no case shall nonresident pro-
prietors be taxed higher than residents" (Act March 3, 1845,
section 6, subd. 5); and they prayed the assessment be de-

clared void, and the amount of tax payable on a fair assess-
ment be determined, to the end that they may discharge
their just portion of the burden of taxation and no more.
'A general demurrer was sustained, and, as plaintiffs did not
plead over, the petition was dismissed.' The plaintiffs
appeal.—*Affirmed.*

*St. John & Stevenson* for appellants.

*Thos. A. Cheshire* for appellees.

LADD, J.—The statute has provided a tribunal for the
correction of assessments, regardless of the circumstances out
of which the errors arise, and for this purpose it is quite
immaterial whether these result from mistake in computa-
tion or of judgment or of some irregularity or from willful
wrong. This clearly appears from its wording: "Any per-
son who may feel himself aggrieved at anything in the
assessment of his property, may appear before said board
of equalization in person, or by agent, at the time and place
mentioned in the preceding section, and have the same cor-
rected in such manner as to said board may seem just and
equitable, and the assessors shall meet with said board and
correct the assessment books as they may direct. Appeals
may be taken from all boards of equalization to the circuit
court of the county where the assessment is made." Sec-
tion 821, Code 1873. That it is broad enough to permit of
the correction of excessive assessments fraudulently made
cannot be doubted, and full protection is afforded through
the right of appeal to the courts. It was declared in the
early cases of *Macklot v. City of Davenport,* 17 Iowa, 382,
"that, where a statute upon a particular subject has pro-
vided a tribunal for the determination of questions con-
nected with that subject, the jurisdiction thus conferred is
exclusive, unless otherwise expressed or clearly manifested;
and that generally, where a statute in relation to revenue
provides a tribunal for the correction of the errors of the

officers by a proceeding in the nature of an appeal to it, such quasi appellate jurisdiction is exclusive." And such has been the tenor of all the subsequent decisions of this court. *Robbins v. Magoun,* 101 Iowa, 580; *Wilson v. Cass County,* 69 Iowa, 147; *Harris v. Fremont County,* 63 Iowa, 639; *Polk County v. Sherman,* 99 Iowa, 60; *Nugent v. Bates,* 51 Iowa, 77; *Smith v. City of Marshalltown,* 86 Iowa, 516. See cases collected in note to *Holland v. Mayor, etc.,* 69 Am. Dec. 198. See *Crawford County v. Laub,* 110 Iowa, 355. In none of these cases, however, was the element of fraud involved. An error in overvaluation is always subject to correction, and, if fraudulent, differs from others only with respect to the motive of the assessor. The same remedy is available, and there appears no good reason for not following it. But it is said fraud vitiates everything, and for this reason resort may be had directly to the courts. That may be true as between private parties, but the state and its agencies ought not to be deprived of the revenues, nor the citizen relieved of his just portion of the burden of taxation because of the evil motive of the officer. Assessment of real estate is made but once in two years, and even if, as a condition of setting aside the assessment as void, the owner might be required to pay his just portion of taxes, it is, at least doubtful whether any provision in the Code of 1873 warranted an assessment in such a case for the following year. The court has no power to make an original assessment as would be necessary in such a condition. On the other hand, there is no limitation as to the character of the errors subject to correction in the manner pointed out by the statute evidently intended to include all, and no ground appears for excluding those of a fraudulent nature, or for applying to them a different remedy. In so far as the public is concerned, the citizen is only entitled to the correction of the assessment, and to obtain this he must adopt the method pointed out by the statute. If he suffer because of the bad motive of the assessor, his remedy is

against that officer and his bondsmen. *Parkinson v. Parker,* 48 Iowa, 667. *Smith v. McQuiston,* 108 Iowa, 363, is not in conflict with our conclusion, as there the valuation on the assessment roll was not that of the assessor, and it was held that the auditor might correct by entering the valuation actually fixed by that officer. We do not overlook the decisions of other states, to the effect that a remedy may be had through injunction proceedings, declaring an assessment fraudulently made void. See *Merrill v. Humphrey,* 24 Mich. 170; *Walsh v. King,* 74 Mich. 350 (41 N. W. Rep. 1080); *Milwaukee Iron Co. v. Town of Hubbard,* 29 Wis. 51; *Buttenuth v. Bridge Co.,* 123 Ill. 535 (17 N. E. Rep. 439, 5 Am. St. Rep. 545). But the decisions of the local board of review in those states fixing the assessed value are final, and no other remedy is provided. This is the main reason there given by the courts for resorting to an extraordinary remedy. The sole issue is between the taxpayer and the public. The government is not responsible for the negligence or wrongful acts of its officers, unless made so by the constitution or statutes, or that is to be fairly inferred therefrom. No evil purpose may be imputed to it. "The king can do no wrong." As between it and the taxpayer, it owes no duty save that of providing for the just distribution of the burdens of taxation. To that end, a tribunal for the correction of errors has been established, and a mode of procedure prescribed, and the bad motive of the officer cannot deprive that tribunal of its exclusive original jurisdiction.

II. The act admitting Iowa as a state prohibits the taxing the property of nonresident proprietors higher than that of residents. This, doubtless, relates to enactments by the legislature, but, in any event, does not relieve nonresidents discriminated against from pursuing the remedy provided by the statute. We decide, not that discrimination will be tolerated, but that the plaintiffs neglected the only remedy available.—AFFIRMED.