[Civil No. 787.   Filed March 20, 1903.]

[71 Pac. 946.]

COUNTY OF COCHISE et al., Defendants and Appellants, v.   COPPER   QUEEN   CONSOLIDATED   MINING COMPANY, Plaintiff and Appellee.

1. TAXES AND TAXATION—ILLEGAL ASSESSMENT—APPEAL—REMEDY.— Prior to the revision of 1901 the statutes gave no right of appeal from the board of equalization, nor was any other legal remedy afforded by the statutes for the correction of any illegal or fraudulent assessment of property.

2. SAME—VALUATION—EXCESS—EQUITY — INJUNCTION — WHEN WILL NOT LIE.—Mere errors or excess in the valuation, or hardship or injustice of the law, or any grievance which can be remedied by a suit at law, either before or after payment of taxes, will not justify a court of equity to interpose by injunction to stay collection of a tax.

3. PLEADING—FRAUD—ALLEGATION — SUFFICIENCY.—To characterize an act as "fraudulent" does not, in legal effect, charge it as fraudulent, unless some circumstance or fact be charged which shows in what the fraud consists and how it has been effected.

4. TAXES AND TAXATION—BOARD OF EQUALIZATION—POWERS—DISCRE-
TION.—The revenue laws in conferring upon boards of equalization
power to equalize assessments, and to add to and increase the same,
confer a wide discretion upon said boards, which discretion must
however be a sound one, exercised in good faith, and not arbitrarily
and capriciously.

5. SAME—SAME—ERRONEOUS JUDGMENT—EQUITY WILL NOT RELIEVE.—
Whenever it appears that an assessor or board of equalization has
exercised discretion and judgment in assessing property, no matter
how erroneous such judgment may be, a court of equity will not
disturb the action of such assessor or board.

6. SAME—SAME—DISCRETION—FAILURE TO EXERCISE—ARBITRARY AC-
TION—EQUITY WILL GRANT RELIEF.—If an excessive valuation of
property be made without the exercise of judgment as to the true
value of such property, and be made arbitrarily, and for purposes
of oppression, such arbitrary action constitutes fraud, against which
a court of equity will grant relief.

7. SAME—TAXING OFFICERS—FRAUDULENT INTENT AND PURPOSE—NOT
JUST GROUND OF COMPLAINT WITHOUT OVERVALUATION.—A fraudu-
lent purpose and intent on the part of the taxing officers is not
enough alone to justify the interposition of a court of equity, but
there must also be an overvaluation to constitute a just ground of
complaint.

8. SAME—PLEADINGS—COMPLAINT—SUFFICIENCY—FRAUD.—A charge in
a complaint that the board of equalization did, without inquiry or
evidence, arbitrarily raise the assessment of plaintiff's property,
and that they did this with the design and purpose of forcing
plaintiff to pay an unequal and unfair portion of taxes, without the
additional charge of excessive valuation, is an insufficient allegation
of legal fraud.

9. SAME—ACTION TO RESTRAIN COLLECTION—PLEADINGS—COMPLAINT—
OVERVALUATION—ALLEGATIONS—SUFFICIENCY.—In an action to re-
strain the collection of taxes, there is in effect a charge of over-
valuation, where the complaint states that the board of equalization
arbitrarily and without inquiry raised the assessments of the
improvements on plaintiff's mines in the amount of sixty thousand
dollars in excess of the full cash value thereof.

10. SAME—SAME—SAME—SAME—SAME—SAME—SAME.—In an action to
restrain the collection of taxes, there is not an unequivocal allega-
tion that there was an overvaluation by the board, where the com-
plaint states that the board of equalization, for the purpose of
placing an unfair burden on plaintiff, raised the valuation of the
patented mining claims owned by it, to the exclusion of other like
property in the county; that the board heard no evidence concerning
the cash value of the property, but arbitrarily fixed the value thereof,
with the intent to discriminate against it; and that on plaintiff's

information and belief the valuation by the board on the mining claims was, "according to any just method of arriving at the cash value of such property, grossly excessive."

11. SAME—SAME—SAME—SAME—SAME—SAME—SAME.—In an action to restrain the collection of taxes, there is not an unequivocal allegation that there was an overvaluation by the board, where the complaint states that the board of equalization adopted the general rule of assessing merchandise at seventy-five per cent of the invoice price thereof; that the board was informed that the invoice price of all plaintiff's merchandise was about two hundred and twenty thousand dollars, and proof of the same was offered; and the board assessed the merchandise in the sum of $293,875.

12. SAME—SAME—OVERVALUATION—FINDINGS—SUFFICIENCY.—In an action to restrain the collection of taxes on the ground of overvaluation, the court's finding that the board of equalization arbitrarily increased the valuation of plaintiff's property for the purpose of imposing an unjust burden of taxation is incomplete, in that it fails to find the true cash value of the property and the taxes due thereon.

13. SAME—SAME—SAME—RELIEF.—In redressing a wrongful overvaluation of property for taxation the court should find the true cash value of the property, and enjoin the collection of only so much of the taxes assessed as were based on the valuation in excess of the true cash value, although the assessed valuation of other like property is below the true cash value thereof.

14. FINDINGS—SUFFICIENCY—TO SUSTAIN JUDGMENT.—The findings of the court must cover sufficient of the issues raised by the pleadings to sustain the judgment.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Cochise. George R. Davis, Judge. Reversed.

Affirmed on rehearing. See opinion, *post*, p. 459.

The facts are stated in the opinion.

Edward W. Land, District Attorney, Allen R. English, and W. C. McFarland, for Appellants.

The allegations that defendant board acted fraudulently, unlawfully, arbitrarily, and with intent to wrong, defraud, and oppress the plaintiff, are mere conclusions of law, and only express the pleader's opinion. The further allegation that the board acted fraudulently, unlawfully, and for the

purpose of placing an unfair and undue burden upon plaintiff, was also a mere conclusion of law, and only expresses the pleader's opinion. *Grand Valley Irr. Co.* v. *Lesher*, 28 Colo. 273, 65 Pac. 44.

Allegations which consist of mere conclusions of law and opinions of the pleader, without any statement of the facts from which these conclusions are drawn or upon which the pleader's opinions are based, are insufficient, and hence the demurrer should have been sustained for failure to state facts constituting a cause of action. *Piccotte* v. *Watt*, 3 Idaho, 447, 31 Pac. 805; *History Co.* v. *Dougherty*, 3 Ariz. 387, 29 Pac. 649; *Callahan* v. *Broderick*, 124 Cal. 80, 56 Pac. 782; *Griffith* v. *Wright*, 21 Wash. 494, 58 Pac. 583; *Weber* v. *Dillon*, 7 Okla. 568, 54 Pac. 894; *Hieronymus* v. *New York Nat. D. and L. Assn.*, 101 Fed. 12; *Naddo* v. *Bardon*, 47 Fed. 782; *Gould* v. *Evansville etc. Ry. Co.*, 91 U. S. 526, 23 L. Ed. 416; *Lockhart* v. *Leeds*, 10 N. M. 568, 63 Pac. 48; *Sterling Gas Co.* v. *Higby*, 134 Ill. 557, 25 N. E. 660.

No facts are alleged showing the cash value of plaintiff's property, or the cash value of the patented mine or mines, the assessed valuation of which were not raised or added to by the defendant board; hence no facts are alleged showing that plaintiff's property was assessed at more than its cash value, or that other patented mines were assessed at less than their cash value. No facts alleged showing that the patented mine or mines, the assessed value of which were not raised by the board, were "like properties" of the plaintiff, either in value or returns; hence no facts are alleged showing that the action of the board was to discriminate against, or to place an unfair and undue burden upon plaintiff. *Pacific Postal Tel. Co.* v. *Dalton*, 119 Cal. 604, 51 Pac. 1072; *Eureka Dist. Gold Min. Co.* v. *Ferry Co.*, 28 Wash. 250, 68 Pac. 727; *Siegfried* v. *Raymond*, 190 Ill. 424, 60 N. E. 868; *Weber* v. *Dillon*, 7 Okla. 568, 54 Pac. 894.

There is no allegation that at the time the valuation of the plaintiff's property was raised and added to the defendant board knew there was a large number, or any number at all, of the three hundred and twenty-two mining claims, other than those of the plaintiff, of great value, or any value at all, or yielded large returns, or any returns at all, during the year 1901, nor are any facts alleged showing that any of

them were of any greater value than that returned by the assessor; hence no facts are alleged showing the exclusion of other "like property," or that the purpose of the board was to place an unfair and undue burden on the plaintiff. *Eureka Dist. Gold Mining Co.* v. *Ferry Co.*, 28 Wash. 250, 68 Pac. 727; *People* v. *McCreery*, 34 Cal. 432; *City of Muscatine* v. *Mississippi etc. Ry. Co.*, 1 Dill. 537, Fed. Cas. No. 9971.

The allegation that the board of equalization, at their session in the month of July, 1901, well knew that there were several thousand unpatented mining claims in said county of Cochise of great value, and that said board failed and neglected to require the assessor to enter upon the assessment-roll of said county the said unpatented claims, or any of them, by reason whereof the whole burden of taxation was laid upon the patented mining claims, constitutes no cause of action, and does not show fraudulent conduct upon the part of the defendants, nor discrimination against the plaintiff, for the reason that unpatented mines or mining claims are not subject to assessment or taxation. Rev. Stats. 1887, par. 2631; Organic Act, sec. 15, Rev. Stats. U. S., sec. 1851; *Salisbury* v. *Lane,* 63 Pac. 383; *Goldhill* v. *Caledonia etc. Co.,* 5 Saw. 275, Fed. Cas. No. 5512; *Mammoth Mining Co.* v. *Juab Co.,* 37 Pac. 348; *Eureka Dist. Gold Mining Co.* v. *Ferry Co.,* 28 Wash. 250, 68 Pac. 727.

The facts alleged do not constitute grounds for equitable interference. Courts of equity will refuse to restrain the collection of taxes, unless the facts alleged show that the tax was assessed upon property not subject to taxation, or that the tax was unauthorized by law. High on Injunctions, sec. 488; *Dows* v. *Chicago,* 11 Wall. 108, 20 L. Ed. 65; *Shelton* v. *Platt,* 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273.

The equitable powers of the court can only be invoked where the plaintiff has no plain and adequate remedy at law. In this case the plaintiff's remedy at law was adequate and complete, "either by action against the officer making the collection or the body to whom the tax was paid." If the tax was illegal, the plaintiff protesting against its enforcement might have had his action against the officer or the county to recover back the money, or he might have prosecuted either for damages. No irreparable injury would have

followed to him from its collection. Nor would he have been compelled to resort to a multiplicity of suits to determine his rights. His entire claim might have been embraced in a single case. *Dows* v. *Chicago,* 11 Wall. 108, 20 L. Ed. 65; *Erskine* v. *Van Arsdale,* 15 Wall. 75, 21 L. Ed. 63; *State Ry. Tax Cases,* 92 U. S. 575, 23 L. Ed. 669; *Savings and Loan Assn.* v. *Austin,* 46 Cal. 486; *New Haven Clock Co.* v. *Kochersperger,* 175 Ill. 383, 51 N. E. 629; *Rose* v. *Durham,* 10 Okla. 373, 61 Pac. 1100.

Where one seeks to enjoin the collection of a tax on the ground of excessive valuation or fraudulent conduct of the board in increasing the valuation of the property over the returned valuation, plaintiff must allege his property was returned for assessment at its true cash value. Any petition for injunction which fails to allege this fact will be held bad on demurrer. *Martin* v. *Clay,* 8 Okla. 46, 56 Pac. 715; *Streight* v. *Durham,* 10 Okla. 361, 61 Pac. 1096; *Alva State Bank* v. *Renfrew,* 10 Okla. 26, 62 Pac. 285; *First Nat. Bank* v. *Douglass County,* 3 Dill. 330, Fed. Cas. No. 4799; *Cranmer* v. *Williamson,* 8 Okla. 683, 59 Pac. 249.

The allegation in the complaint upon information and belief that the valuation placed by the board of equalization upon the patented mines of plaintiff, as aforesaid, is, according to any just known method of arriving at the full cash value of such property, grossly excessive, etc., is not an allegation that the property of plaintiff was assessed or that the board raised the value to an amount in excess of its cash value; hence the demurrer, for want of equity, should have been sustained. *Martin* v. *Clay, supra; Streight* v. *Durham, supra.*

It is not alleged that the valuations placed by the board on plaintiff's property were excessive or more than their cash value; hence no facts are alleged showing that the action of the board resulted in any injury to the plaintiff. If the assessed valuation of the property of the plaintiff was not raised to an amount in excess of or above the cash value, no injury or wrong is shown. Where one complains of the fraudulent conduct of another, it is necessary that facts be alleged showing some injury resulting from such conduct. It is only fraudulent conduct of the board that results in excessive valuation that constitutes ground for equitable re-

lief.   *Keokuk etc. Bridge Co.* v. *People,* 161 Ill. 132, 43 N. E. 691; *Clement* v. *People,* 177 Ill. 144, 52 N. E. 382; *Spencer* v. *People,* 68 Ill. 510. ·

There can be no wrong or injury resulting from a correct valuation placed upon plaintiff's property, "and the courts cannot examine the mode of reasoning or the basis adopted to ascertain the value of the property, unless the mode of reasoning or basis adopted results in excessive or overvaluation of properties of plaintiff." *Republic Life Ins. Co.* v. *Pollak,* 75 Ill. 292; *Porter* v. *Rockford etc. Ry. Co.,* 76 Ill. 561; *Siegfried* v. *Raymond,* 190 Ill. 424, 60 N. E. 868; *Dundee Mfg. etc. Co.* v. *Charlton,* 32 Fed. 192, 13 Saw. 25. ·

It·may be there was inequality and want of uniformity in the assessment of property in Cochise County for the year 1901, and it is possible that, in a general way, the allegations in the complaint may show the existence of this condition, but, as said by Judge Miller, in the railroad tax cases, "Perfect equality and perfect uniformity of taxation as regards individuals or corporations, or the different classes of property subject to taxation, is a dream unrealized." *Railroad Tax Cases, supra.*

"To these boards of revision, or whatever name they may be called, the citizen must apply for relief against excessive or irregular taxation where the assessing officers had jurisdiction to assess the property.   Their action is judicial in character.   They pass judgment on the value of the property, upon personal examination and evidence respecting it.   Their action being judicial, their judgment, in cases within their jurisdiction, are not open to collateral attack.   If not corrected by some of the modes pointed out by statute, they are conclusive, whatever errors may have been committed in the assessment."   *Stanley* v. *County of Albany,* 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000; *Standard Oil Co.* v. *Magee,* 191 Ill. 84, 60 N. E. 802; *Oregon and W. M. Sav. Bank* v. *Jordan,* 16 Or. 113, 17 Pac. 621; *New Haven Clock Co.* v. *Kochersperger,* 175 Ill. 383, 51 N. E. 629; *People* v. *McCarthy,* 102 N. Y. 631, 8 N. E. 85; *Camp* v. *Simpson,* 118 Ill. 224, 8 N. E. 308.

The court erred in overruling defendant's demurrer, distinctly specifying the ground of objection, charging the defendants with placing an unfair and undue burden upon plaintiff

by raising the valuation of plaintiff's patented mining claims to the exclusion of other like property in the county, for the reason that it is not alleged that the property of the plaintiff is assessed at more than its cash value, and for this reason bears an undue and unfair burden, nor that the valuation of the properties, alleged to have been excluded were assessed at less than their real value, or that the excluded properties were of any value at all. *State* v. *Durham,* 10 Okla. 361, 61 Pac. 1096; *Alva State Bank* v. *Renfrew,* 10 Okla. 26, 62 Pac. 285; *First Nat. Bank* v. *Douglass County,* 3 Dill. 330, Fed. Cas. No. 4799; *McCurdy* v. *Prugh,* 59 Ohio St. 465, 55 N. E. 154; *Weber* v. *Dillon,* 7 Okla. 568, 54 Pac. 894.

Herring & Mitchell, for Appellee.

SLOAN, J.—This is an appeal from a decree entered by the district court in Cochise County enjoining the county of Cochise and M. D. Scribner, treasurer and *ex officio* tax-collector of said county, from collecting or attempting to collect from the appellee, the Copper Queen Consolidated Mining Company, taxes levied for the year 1901, in excess of a specific sum found to be due from the appellee for that year.

It was alleged in the complaint that the county assessor of said county listed for the year 1901 all the property of the Copper Queen Consolidated Mining Company owned by it on the first Monday of February, 1901, and assessed the same at sums aggregating $368,139.76; that said list included sixty-five patented mining claims, improvements consisting of hoisting works, pumping and other machinery on the same, a stock of merchandise, surveyor's instruments, an assay outfit, and twenty work horses; that at its July meeting the board of equalization, after due notice, raised and added to the assessment of said property, as made by said assessor, as follows: The sum of $3,150,000 was added to the valuation of the patented mines and the improvements thereon. The sum of $203,520 was added to the valuation of the stock of merchandise. The sum of $375 was added to the valuation of the surveyor's instruments. The sum of $400 was added to the valuation of the horses. The sum of $600 was added to the valuation of the assaying outfit. That this made a total

increase in the valuation of the company's property by the
board of equalization, over that made by the county assessor,
of the sum of $3,464,895. That the board of equalization, at
said meeting, after notice, added to the list of property as-
sessed to the company fourteen patented mines which had for-
merly been the property of the Lowell and Arizona Copper
Smelting and Mining Company, and raised the valuation of
these mines to the amount of $54,000.

The complaint further averred that for many years it had
been the custom in Cochise County to list patented mining
claims as land, and to assess the same at the uniform valua-
tion of five dollars per acre; that the assessment-roll of said
county for the year 1901 included three hundred and twenty-
two patented mining claims, which were assessed at the total
valuation of $3,676,831; that notwithstanding the fact that
many of these patented mining claims not owned by the
plaintiff were of great value, and had yielded large returns
during the preceding year, which facts were well known to
the board of equalization, yet said board, fraudulently, and
for the purpose of placing an unfair and undue burden upon
the plaintiff, raised the valuation of the patented mining
claims owned by it, to the exclusion of other like property
in the county, so that, of the total valuation placed upon the
said three hundred and twenty-two patented mining claims,
the plaintiff was assessed upon the claims owned by it the sum
of $3,204,000; that the said board in making the said assess-
ment made no investigation into, and heard no evidence con-
cerning, the cash value of said mining claims, and made no
determination or finding thereof, but acted in the premises
arbitrarily, and with the intent to wrong, defraud, and oppress
the plaintiff, and to discriminate against it.

Plaintiff further alleged, "upon information and belief,"
that the valuation placed by the said board upon its said
patented mining claims was, "according to any just known
method of arriving at the cash value of such property, grossly
excessive."

It was further alleged in the complaint that there were
within Cochise County during the year 1901 several thousand
unpatented mining claims, which had not been assessed and
had not been included in the tax-list or the assessment-roll
for said year; that the board of equalization, at the time

they added to the assessment of the plaintiff's property, well knew of the existence of these unpatented mining claims, and that they were of great value, and that the assessor of the county had failed to list and assess the same, yet failed and neglected to require the assessor to enter the same upon the assessment-roll, and arbitrarily and without right attempted to assess only patented mining claims in said county, thereby laying the whole burden of the taxation levied upon the class of property known as "mining claims" upon such only as were patented, leaving the unpatented mines free from any taxation whatever.

The complaint further alleged that the board of supervisors fraudulently, and with the unlawful design of forcing the plaintiff to pay an unequal and unfair portion of the taxes of the county for the year 1901, arbitrarily and without inquiry in the matter, and without any evidence before them, raised the assessment on the hoisting works and improvements upon said patented mines in the amount of sixty thousand dollars in excess of the full cash value of said property.

With regard to the assessment of the stock of merchandise, the complaint charged that the board of equalization, in equalizing the taxation for the year 1901, adopted the general rule of assessing such property at seventy-five per cent of the invoice price thereof; that the superintendent of the plaintiff company informed the board that the invoice price of all the merchandise owned by it on the first Monday of February, 1901, was about two hundred and twenty thousand dollars, and offered to produce proof thereof, but, notwithstanding such avowal and proffer of proof, the board of equalization assessed such merchandise in the full sum of $293,875.

It was further alleged that the plaintiff, before filing its complaint, tendered to the tax-collector of said county the full amount of taxes which it deemed were due, at the rate fixed by the supervisors of said county for the year 1901, but that the said tax-collector refused to accept the same.

The plaintiff prayed that the county of Cochise, and the tax-collector of said county, be enjoined and restrained from collecting or attempting to collect from the plaintiff, for taxes for the year 1901, any sum in excess of that tendered by it,—to wit, the sum of $14,133.12. The defendants filed a general and certain special demurrers to the complaint, and

an answer in which they specifically denied the acts of misconduct charged in the complaint against the board of equalization in the matter of plaintiff's taxes for the year 1901. The trial court overruled the demurrers, and proceeded to hear the case upon its merits.

The court found that the sum of $3,150,000, being the valuation placed upon the patented mines of plaintiff and the hoist and other improvements on the patented claim known as the "Holbrook Mine," was wrongfully added by the board of equalization to the assessed valuation of the plaintiff's property for the year 1901, in that the action of the board in thus adding to the valuation of said property was not based upon any information or evidence had or obtained by said board, but was taken arbitrarily and capriciously, and for the purpose of imposing on the plaintiff an unjust measure of the burden of taxation.

The court further found that the action of the board in adding to the assessed valuation of the remaining property of the plaintiff was based upon information and evidence, and was a *bona fide* decision of the questions before said board for consideration.

A decree was entered restraining defendants from collecting or attempting to collect the taxes assessed against plaintiff upon the $3,150,000 found to have been wrongfully added to the valuation of its property, upon the condition that plaintiff pay the taxes found to be justly and equitably due and owing by plaintiff for the year 1901. From this judgment the defendants have appealed.

The correctness of the court's ruling upon the general demurrer presents the first question for our determination. The cause of action accrued and the complaint was filed before the Revised Statutes of 1901 took effect. Prior to the revision of 1901, the statutes gave no right of appeal from the action of the board of equalization, nor was any other legal remedy afforded by the statutes for the correction of an illegal or fraudulent assessment of property. No other remedy than that which equity afforded was therefore available to the plaintiff for the redress of the wrongs complained of. The limitation upon the powers of a court of equity in the matter of restraining the collection of taxes has been settled for this court in the *State Railroad Tax Cases*, 92 U. S. 575, 23

L. Ed. 663. In this case Mr. Justice Miller laid down this general rule: "In addition to illegality, hardship, or irregularity, the case must be brought within the recognized foundations of equitable jurisdiction, and that mere errors or excess in the valuation, or hardship or injustice of the law, or any grievance which can be remedied by a suit at law, either before or after payment of taxes, will not justify a court of equity to interpose by injunction to stay collection of a tax."

Does the complaint present a case under any recognized head of equitable jurisdiction? An analysis of the complaint will disclose that the purpose of the pleader was to charge the board of equalization, in adding to and increasing the valuation of plaintiff's property for the year 1901, with fraud: (1) In that the said board arbitrarily and capriciously, and with the intent to wrong, defraud, and oppress the plaintiff and to discriminate against it, raised the valuation of its property, without any investigation, and without any evidence as to the cash value of the property assessed; and (2) that the said board of equalization, for the purpose of placing an unfair and undue burden upon the plaintiff, contrary to the custom theretofore prevailing in the county of Cochise and in the territory of assessing patented mines as real estate at five dollars per acre, and notwithstanding that there were a large number of patented mines in said county (not included among those assessed to plaintiff) which were of great value, and known to be such by said board of equalization, the latter, without evidence and without investigation, arbitrarily and capriciously added to the valuation of plaintiff's patented mines in the sum aggregating $3,150,000; and, further, that plaintiff, in thus being made to pay taxes upon its patented mines, was discriminated against, and made to pay an unjust and unequal burden of taxes, for the further reason that there were within the county of Cochise, at the time the said board raised the valuation of plaintiff's property, a large number of unpatented mining claims of great value which have not been listed by the assessor of the county nor required to be listed by said board of equalization, although said board had full knowledge of the existence of said unpatented mining claims, and that they were of great value. It is a general rule of pleading that, in alleging fraud, the facts which constitute such fraud must be stated.

To characterize an act as "fraudulent" does not, in legal effect, charge it as fraudulent, unless some circumstance or fact be charged which shows in what the fraud consists and how it has been effected. Our revenue laws, in conferring upon boards of equalization power to equalize assessments, and to add to and increase the same, confer a wide discretion upon such boards. This discretion must, however, be a sound one, exercised in good faith, with a view of carrying out the purpose of the law in enforcing equality of taxation and the assessment of property at its cash value. The judgment of such a board must be exercised, not arbitrarily and capriciously, but with due regard to the rights of taxpayers affected to be assessed upon a basis of equality with other property owners. Judge Cooley, in *Merrill* v. *Humphrey,* 24 Mich. 170, in considering the limitations of the discretionary power of a taxing officer, said: "A discretionary power cannot excuse an officer for refusal to exercise his discretion. His judgment is appealed to, not his resentments, his cupidity, or his malice. He is the instrument of the law to accomplish a particular end through specified means, and, when he purposely steps aside from his duty to inflict a wanton injury, the confidence reposed in him has not disarmed the law of the means of prevention. His judgment may, indeed, be final, if he shall exercise it, but an arbitrary and capricious exertion of official authority, being without law, and done to defeat the purpose of the law, must, like all other wrongs, be subject to the law's correction." Wherever it appears that an assessor or board of equalization has exercised discretion and judgment in assessing property, no matter how erroneous such judgment may be, a court of equity will not disturb the action of such assessor or board. If, however, an excessive valuation of property be made without the exercise of judgment as to the true value of such property, but be made arbitrarily, and for the purposes of oppression and of unfairly adding to the burden of taxation of the owner of such property, such arbitrary action constitutes fraud, against which a court of equity will grant relief. *Andrews* v. *King County,* 1 Wash. 46, 23 Pac. 409; *Oregon and C. R. R. Co.* v. *Jackson County,* 38 Or. 589, 64 Pac. 307; *Merrill* v. *Humphrey,* 24 Mich. 170; *Lefferts* v. *Board of Supervisors,* 21 Wis. 688. It is to be noted that, in such a case, a fraudulent purpose and

intent on the part of the taxing officers is not enough to justify the interposition of a court of equity. It is the fraudulent overvaluation of the property assessed which is the just ground for complaint.

The charge in the complaint that the board of equalization did, without inquiry or evidence, arbitrarily raise the assessment of plaintiff's property, and that they did this with the design and purpose of forcing plaintiff to pay an unequal and an unfair portion of taxes, without the additional charge of excessive valuation, is an insufficient allegation of legal fraud. The allegation with reference to the assessment of the improvements upon the plaintiff's mines does, in effect, charge overvaluation as to such improvements. The allegations relating to the assessment of the patented mines are open to the criticism that they do not unequivocally state that there was, in fact, an overvaluation of these by the board of equalization. The same is true regarding the allegation relating to the assessment of the stock of merchandise. Plaintiff alleged that, ''upon information and belief,'' the valuation placed by the board of equalization upon the patented mines of plaintiff was, ''according to any just known method of arriving at the full cash value of such property, grossly excessive.'' Why the plaintiff should state in this connection ''upon information and belief'' does not appear. It is reasonable to suppose that it, better than any one else, would know whether its property was excessively valued by the assessment. Then, again, the phrase ''according to any just known method of arriving at the full cash value of such property'' is indefinite. The revenue act provides that ''all taxable property must be assessed at its full cash value.'' The term ''cash value'' is defined by the act to mean ''the amount at which the property would be taken in payment of a just debt due from a solvent debtor.'' The pleader in this instance may have had in mind another method of arriving at the value of property for the purposes of taxation than that pointed out by the statute. These defects in the pleading were not made a ground of special demurrer, and, as there was a positive allegation of overvaluation as to a part of the property affected by the action of the board of equalization, the complaint must be held good upon the general demurrer.

The finding of the trial court that the action of the board
of equalization, in adding to the assessed valuation of the
patented mines of the plaintiff, was not based upon any in-
formation or evidence, and was arbitrary and capricious, and
taken for the purpose of imposing an unjust measure of the
burden of taxation on plaintiff, was a sufficient finding of
fraudulent misconduct on the part of said board to call for
the equitable interposition of the court to redress the actual
wrong done the plaintiff. The only wrong which the plaintiff
could have suffered, under the facts pleaded, was the fraud-
ulent valuation of its property in excess of its cash value.
*Pacific Postal Telegraph Co.* v. *Dalton,* 119 Cal. 604, 51 Pac.
1072; *Lowell* v. *County Commissioners,* 152 Mass. 372, 25 N.
E. 469, 9 L. R. A. 356.

This court has held that both patented and unpatented
mining claims are subject to taxation; that patented claims
are subject to taxation as real estate, and unpatented mining
claims as personal property; and that both classes should be
assessed upon the basis of their cash value. *Waller* v. *Hughes,*
2 Ariz. 114, 11 Pac. 122. There should have been, in addition
to the finding of misconduct on the part of the board, some
determination of the true cash value of the patented mines,
and a finding as to how much was due for taxes on the
same, based upon such valuation.

We do not overlook the allegations of the complaint which
aver an unjust discrimination against the plaintiff in the
assessment of its patented mines at a high valuation while other
patented mines in the county, of great value, are alleged to
have been assessed upon the valuation of five dollars per
acre, and that the trial court may have had this in mind in de-
creeing that the collection of the taxes levied upon said
patented mines of the plaintiff at the valuation placed upon
the same by the board should be enjoined, and in decreeing
that taxes should only be paid thereon upon the valuation of
the same as made by the assessor, which was fixed by the
latter at five dollars per acre. Assuming, as the complaint
charges, that the assessing officers in Cochise County have
intentionally and habitually failed and neglected to assess
unpatented mining claims within the county, and during the
year 1901 intentionally omitted to assess a large number of
patented mining claims at their cash value, but arbitrarily

and capriciously, and for the purpose of placing an unfair and undue burden upon the plaintiff, assessed its patented mines at a high valuation during that year, how far and to what extent is the plaintiff entitled to relief? An examination of the authorities bearing upon this question will disclose that the courts have differed widely as to the character of relief which should be afforded one whose property has been assessed beyond its true value, and an undervaluation of other similar property be shown to have been made by the taxing officers, with the view and purpose of unjustly discriminating against him. Some courts have held that uniformity of taxation requires that the court should grant redress to the extent of restraining the collection of taxes imposed in excess of what would be a fair valuation, having in view the valuation by the taxing officers of similar property. *Randall* v. *City of Bridgeport,* 63 Conn. 321, 28 Atl. 523; *Ex parte Bridge Co.,* 62 Ark. 461, 36 S. W. 1060; *Board of Supervisors* v. *Railroad Co.,* 44 Ill. 229; *Walsh* v. *King,* 74 Mich. 350, 41 N. W. 1080. Other courts have held that only the excess over the statutory requirement as to valuation should be regarded as constituting the wrong to be redressed. *Lowell* v. *County Commissioners,* 152 Mass. 375, 25 N. E. 469, 9 L. R. A. 356; *Wagoner* v. *Loomis,* 37 Ohio St. 571; *Central R. R. Co.* v. *Assessors,* 48 N. J. L. 1, 2 Atl. 789, 57 Am. Rep. 516. A dilemma is presented, no matter what view of the law be taken. If the former rule be adopted, then the statute requiring the assessment of property at its true cash value is violated; if the latter rule be adopted, then the rule requiring uniformity of taxation and the equalization of its burdens is disregarded. The courts generally have been careful to distinguish between what is termed "sporadic" cases of discrimination, and those which are the result of a deliberate plan or system of assessment by taxing officers. Some courts have adopted the first rule only in cases where it is shown that there has been a uniform and general undervaluation of all kinds of property, and the discrimination has been against certain individuals or against a limited class of property. This is understood by us to be the rule applied by the supreme court of the United States in the case of *Cummings* v. *National Bank,* 101 U. S. 153, 25 L. Ed. 903.

There is much force in the argument that where property generally is undervalued by taxing officers of a state or county, it would be manifestly unjust to disregard such uniform undervaluation in correcting a fraudulent assessment at the suit of a taxpayer whose property is assessed for the purpose of discrimination at a valuation beyond that of other similar property. The argument, however, does not apply where the discrimination is not general, but confined to particular individuals or to a particular class of property. It must be borne in mind that it is the duty of a property-owner to pay a tax upon the basis of valuation as fixed by the law. If others escape, through the evasion by the taxing officers of their duty, it is the maladministration of the law which is at fault, and the case becomes one—common enough—where the citizen who does his full duty is bearing an additional burden by reason of the failure of others to perform their full duty. If the machinery of the law were adequate to require owners of property, subject to taxation, to pay taxes assessed with due regard to the statutory requirement as to valuation, no difficulty would be presented. Obviously, it is impracticable for the courts to require assessing officers to do their full duty in assessing property. The remedy is political rather than legal.

To hold that the court, in redressing a wrongful overvaluation of property, should conform to the valuation which the taxing officers have made upon other similar property, and not to the statutory requirement that all property should be assessed at its full cash value, would result in an additional wrong being done to the owners of property which may not fall within the class in which the discrimination is made. Hence to say that, because it may be the custom, or may be the deliberate plan and system, of the taxing officers in Cochise County or in the territory to tax patented mining claims at five dollars per acre, regardless of their cash value, the patented mines of the plaintiff should be so assessed, would be to disregard the rights of the owners of other species of property to have the burdens of taxation uniformly and equally distributed upon the basis of the cash value of all property subject to taxation.

The findings of the court must cover sufficient of the issues raised by the pleadings to sustain the judgment. Under the

view we take as to the measure of redress in this case, the findings of the trial court are insufficient to sustain the decree. There should have been, in addition to the finding of fraudulent misconduct on the part of the board of equalization, a finding whether in fact the plaintiff's patented mines were overvalued, measured by the statutory rule of valuation; and the decree should have enjoined the collection of only so much of the taxes assessed as were based upon any such overvaluation as may have been thus found.

An inspection of the record shows that some testimony was introduced at the trial as to the cash value of certain of the patented mines, but we find the evidence upon this point too unsatisfactory to warrant us in modifying the decree, or in making any disposition of the case other than the reversal of the judgment and the remanding of the cause for a new trial; and it is so ordered.

Kent, C. J., and Doan, J., concur.