[L. A. No. 2560. In Bank.—February 2, 1912.]

## LOS ANGELES GAS AND ELECTRIC COMPANY (a Corporation), Respondent, v. COUNTY OF LOS ANGELES, Appellant.

TAXATION.—CONCLUSIVENESS OF VALUATION IN ASSESSMENT—DISCRIMINATION BY ASSESSORS.—The conclusion of assessing officers as to the value of property for purposes of taxation, when honestly arrived at and when not made in pursuance of some fixed rule or general system the result of which is necessarily discriminatory and inequitable, is conclusive on the courts, however erroneous the conclusions of those officers may be.

ID.—FRAUDULENT DISCRIMINATION—INEQUALITY OF VALUATION.—A taxpayer may collaterally assail an assessment in the courts where it was fraudulently and corruptly made with the intention of discriminating against him, and for the purpose of causing him to pay more than his share of the public tax, and it has that effect, or where there is something equivalent to fraud in the making of the assessment, producing such effect. This is as true where the injurious effect so produced is caused by inequality of valuation as by any other cause.

ID.—RECOVERY OF TAXES PAID ON EXCESS VALUATION—PARTICIPATION IN FRAUD BY BOARD OF EQUALIZATION.—Although the evidence may warrant the conclusion of something equivalent to fraud by the assessor in the matter of the assessed valuation of property, still to enable the owner to recover the tax paid on the alleged excess valuation it must appear that the county board of equalization in some manner participated in the fraud when the matter came before it on application for reduction.

ID.—FUNCTION OF BOARD OF EQUALIZATION—DECISION EQUIVALENT TO INDEPENDENT VALUATION.—In discharging its duties of equalization such board exercises judicial functions, and its decision as to the value of the property and the fairness of the assessment so far as amount is concerned constitutes an independent and conclusive judgment of the tribunal created by law for the determination of that question, which abrogates and takes the place of the judgment of the assessor upon that question.

Id.—Approval of Assessment by Board — Finding against Discrimination in Valuation.—Where the only alleged effect of the fraud of the assessor is excessive valuation of the property of the tax-payer for assessment purposes, the conclusion of the board of equalization that the fair value for such purposes is the amount fixed by the assessor renders the fraud of that officer immaterial, for it is in no way injurious. According to such conclusion of the board, the property is assessed at the same value proportionately as all the other property in the county.

Id.—Fraudulent Conduct of Board in Approving Assessment—Honest Errors of Judgment.—Unless that determination can be avoided, it is conclusive on the question of fairness of the valuation, and hence on the question of injury. It cannot be avoided unless the board has proceeded arbitrarily and in willful disregard of the law intended for their guidance and control, with the evident purpose of imposing unequal burdens upon certain of the taxpayers, or unless there be something equivalent to fraud in the action of the board. Mere errors in honest judgment as to the value of the property will not obviate the binding effect of its conclusion.

Id.—Application for Reduction of Assessment — Findings as to Fairness and Completeness of Hearing—Evidence.—It is held, upon a review of the evidence, that the findings, in so far as they may be held to imply any lack of opportunity to plaintiff to fully present its case on its application to the board of equalization for a reduction of its assessment, or any lack of diligence or fairness on the part of the members thereof in the hearing, consideration, and decision, or that the action of the board was merely formal, not constituting a hearing of plaintiff's protest, are without sufficient support.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

J. D. Fredericks, District Attorney, Hartley Shaw, Chief Deputy, for Appellant.

Wm. A. Cheney, George P. Adams, and Le Roy M. Edwards, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment and from an order denying the defendant's motion for a new trial in an action brought by plaintiff to recover $11,728.12

state and county taxes paid by plaintiff under protest for the fiscal year 1906-7. The judgment was in favor of plaintiff for the full amount claimed.

The amount sought to be recovered was a portion of the taxes paid by plaintiff upon certain tangible assets, such as its gas-pipes, meters, regulators, electric service, poles, wire, electric underground system, gasworks plant, electric works plant, etc., and was the amount claimed to have been illegally collected by reason of an over valuation of such property by the assessor of Los Angeles County. Recognizing the general rule that no remedy can be had in the courts for mistakes honestly made in the valuation of property for purposes of taxation by the assessing officers and tribunals appointed by law for the review of assessments, such as our county boards of equalization, the theory of plaintiff's complaint was that the excessive valuations of its property were the result of an arbitrary plan adopted by the assessor for the valuation thereof, varying from that employed by him with reference to the property of other taxpayers, and resulting in placing upon its property an unequal burden of taxation, which plan was willfully and designedly adopted by him for the purpose of discriminating against plaintiff. The result was, it is claimed, not that the property was assessed for a sum exceeding its cash value, but that it was assessed at a greater proportion of such value than any other property and especially the property of its two competitors in business, thus bringing about inequality of taxation and denying plaintiff the equal protection of the laws. While the trial court found that the allegations of the complaint to the effect that the assessor acted with corrupt or malicious motives or fraudulently were untrue, it did find that "the extreme disparity between the valuation of plaintiff's property and other property of substantially the same character and value . . . all arose from a design on the part of the assessor to discriminate against plaintiff, and the adoption and use by said assessor of an intentionally radical different method in arriving at the value of plaintiff's property from that used in all other cases, involving property of the same character and similarly situated, and from an entire failure on the part of the assessor to make any examination whatever of any of the properties of plaintiff so assessed, and that by reason of said intentional dis-

crimination and the use of said radically different method plaintiff was inevitably assessed upon a very much larger proportion of its properties' values than were other taxpayers and property-owners in the county of Los Angeles, and than were its competitors in business in said county."

There was no attempt to state in the complaint or to prove on the trial anything in the nature of willful fraud on the part of the county board of equalization, to which application was made by plaintiff for a reduction of its assessment, and by which such application, so far as the particular property here involved is concerned, was denied. The only allegation in this behalf was as follows: "Plaintiff alleges that so many other protests and petitions for reductions of assessments were filed after plaintiff's said protest and petition (alleged to have been filed July 13, 1906) were filed, heard, and submitted, and the time of the said board of supervisors in which to hear and pass upon the same was so short, that the said board of supervisors did not have time in which to consider in detail said protest of plaintiff and by reason thereof refused to reduce or alter said assessment values in any manner whatsoever." It is possible that after judgment this allegation might properly be construed in support of the judgment as alleging that the board refused to reduce or even consider the assessment solely because it did not have time to give it any consideration, but there was no evidence in the record tending to support any such conclusion. The trial court found that "said board did not take time in which to consider in detail said protest of plaintiff, and said protest was not fully heard or considered by said board, and plaintiff was not given time and opportunity to introduce fully all evidence offered by it in support of its protest, and said board did not act with fairness and justice in the matter, and failed and refused to give plaintiff's application careful and proper consideration, and the action of said board in passing upon said protest and claim of plaintiff and refusing to reduce or alter said assessment values in any manner whatsoever, was merely perfunctory in character and hardly more than a mere form, and did not constitute a hearing of plaintiff's protest."

It is not disputed that the conclusion of assessing officers as to the value of property for purposes of taxation, when hon-

estly arrived at and when not made in pursuance of some fixed rule or general system the result of which is necessarily discriminatory and inequitable, is conclusive on the courts, however erroneous the conclusion of those officers may be. The law necessarily leaves the determination of the question of fact of value to certain officers, and when it appoints tribunals for that purpose, as in this state primarily the assessor, and, for purpose of review, the board of supervisors acting as a county board of equalization, the conclusion of those tribunals on such a question of fact constitutes a judgment that is not collaterally assailable in the courts. This is the universal rule, and it has been so held in this state. (*San Jose Gas Co.* v. *January*, 57 Cal. 614; *Henne* v. *Los Angeles Co.*, 129 Cal. 297, [61 Pac. 1081]. See, also, Gray on Limitations of Taxing Power, sec. 1460, [31 C. C. A. 537].) As put in *Taylor* v. *Louisville etc. R. R. Co.*, 88 Fed. 350, such an attack will not lie in the courts "where the injury complained of arises only from the erroneous but honest judgment of the lawfully constituted tax tribunal." But it is likewise universally held that a taxpayer may so assail an assessment in the courts where it was "fraudulently and corruptly made with the intention of discriminating against him, and for the purpose of causing him to pay more than his share of the public taxes," and it has that effect, or where there is something equivalent to fraud in the making of the assessment, producing such effect. (See *County of Los Angeles* v. *Ballerino*, 99 Cal. 593, [32 Pac. 581, 34 Pac. 329]; *Pacific etc. Co.* v. *Dalton*, 119 Cal. 604, [51 Pac. 1072]; *Oregon etc. R. R. Co.* v. *Jackson Co.*, 38 Ore. 589, 599, [64 Pac. 307, 65 Pac. 369] and cases there cited.) This is as true where the injurious effect so produced is caused by inequality of valuation as by any other cause, for, as said in Judson on Taxation, p. 608, "it is obvious that where taxation is upon property that requires valuation, inequality of taxation is produced as surely by inequality of valuation as by inequality of the rate of tax."

We are, however, satisfied that it should be held, even if we assume that there is enough in the evidence to warrant a conclusion that there was anything equivalent to fraud in the matter of the valuation of this property by the assessor, that to enable plaintiff to prevail it must be made to appear that

the county board of equalization in some manner participated in the fraud when the matter came before it on application for reduction.  Under our law, the county board of supervisors is a county board of equalization, invested with the power, after giving notice in such manner as it may by rule prescribe, "to increase or lower the entire assessment-roll, or any assessment contained therein, so as to equalize the assessment of the property contained in said roll, and make the assessment conform to the true value of such property in money."  (Pol. Code, sec. 3673.)  When completed, the assessment-roll must be delivered to its clerk, who must give notice of the time at which the board will meet to equalize assessments (Pol. Code, sec. 3654), the board must meet on the first Monday of July in each year for equalization purposes and continue in session until such business is disposed of, but not later than the third Monday in July (Pol. Code, sec. 3672), no reduction can be made except upon the verified application of the taxpayer showing the facts upon which it is claimed the reduction should be made (Pol. Code, sec. 3674), and on the hearing the board must examine on oath the taxpayer or his agent, and may subpœna witnesses and hear and take such evidence as in its discretion it may deem proper.  (Pol. Code, secs. 3675, 3676.)  Upon such hearing it is the duty of such board to determine the value of the property under consideration for assessment purposes upon such basis as is used in regard to other property, so as to make all the assessments as equal and fair as is practicable.  In discharging these duties the board is exercising judicial functions, and its decision as to the value of the property and the fairness of the assessment so far as amount is concerned constitutes an independent and conclusive judgment of the tribunal created by law for the determination of that question which abrogates and takes the place of the judgment of the assessor upon that question.  Where the only alleged effect of the fraud of the assessor is excessive valuation of the property of the taxpayer for assessment purposes the conclusion of the board of equalization that the fair value for such purposes is the amount fixed by the assessor would appear to render the fraud of that officer immaterial, for it is in no way injurious.  According to the conclusion of the board the property is assessed at the same

value proportionately as all the other property in the county. Unless that determination can be avoided it is conclusive on the question of fairness of the valuation, hence on the question of injury. Under the authorities it cannot be avoided unless the board has proceeded "arbitrarily and in willful disregard of the law intended for their guidance and control, with the evident purpose of imposing unequal, burdens upon certain of the taxpayers" (*Oregon etc. R. R. Co.* v. *Jackson Co.,* 38 Or. 589, 599, [64 Pac. 307, 65 Pac. 369]), or unless there be something equivalent to fraud in the action of the board. Mere errors in honest judgment as to the value of the property will not obviate the binding effect of the conclusion of the board. Such a board is "in the absence of fraud or malicious abuse of its powers . . . the sole judge of questions of fact and of the values of property." (*La Grange etc. Co.* v. *Carter,* 142 Cal. 565, [76 Pac. 243].)

The precise question under discussion has never been determined by this court, but what we have said not only appears to be true on principle, but is supported by ample authority. In *State* v. *Central Pacific R. R. Co.,* 21 Nev. 178, [26 Pac. 225, 1109], an action to recover taxes, it was said that while fraud in the assessment is a good defense it clearly must be such fraud as works some damage, that a fraudulent over-valuation of property, attempted by the assessor, can do no harm if corrected by the board of equalization, and that "if the board bring their honest judgment to bear upon the matter, and determine that the property has not been over-valued, this determination is conclusive that the assessor's attempted fraud has done the defendant no damage." In *Southern Oregon Co.* v. *Coos Co.,* 39 Or. 185, [64 Pac. 646], the complaint was similar to the complaint made here,—namely, fraudulent discrimination on the part of the assessor resulting in an over-valuation of plaintiff's property as compared with the valuation put upon other property of equal value and similarly situated. The court said that "when the assessment is attacked because arbitrarily and fraudulently made, the charge must go further than to inculpate the assessor," and "that it must likewise involve the board of equalization and the county court sitting as an equalizing body, as the judgment of the latter is paramount." In *Burton etc. Co.* v. *Traeger,* 187 Ill. 9, [58 N. E. 418], where the

board of review had full power to correct the assessment if unjust in any respect, but, after hearing, had allowed the assessor's valuation to stand, it was held, no fraud being charged on the part of the board, that even if there was fraudulent conduct on the part of the assessor in making the valuation, "such . . . fraud is purged·by the hearing, review and action of the board of review." (See, also, *California etc. Co.* v. *Los Angeles,* 10 Cal. App. 185, 191, [101 Pac. 547]; *Crawford* v. *Polk Co.,* 112 Iowa, 118, [83 N. W. 825]; 27 Ency. of Law, p. 728; Cooley on Taxation, 3d ed., p. 1459, note.) No case cited is opposed to our views on this point. The question was not considered in either *County of Los Angeles* v. *Ballerino,* 99 Cal. 593, [32 Pac. 581, 34 Pac. 329], or *Pacific Postal Co.* v. *Dalton,* 119 Cal. 604, [51 Pac. 1072], and apparently could not have been involved in the latter case. Learned counsel for plaintiff appear to concede that the judgment of the board of equalization honestly given "is conclusive on value, a matter of fact," but say that this is "not a case of excessive valuation . . . , but a plain case of the intentional use for the purpose of discrimination of a different method of assessment." But in view of the fact that the only alleged effect of the assessor's action was an over-valuation of plaintiff's property as compared with the valuation of other property, the question was simply whether there was such an over-valuation of plaintiff's property, a pure question of fact for the board of equalization to determine. As said in *Crawford* v. *Polk Co.,* 112 Iowa 118, [83 N. W. 825] : "An error in over-valuation, . . . if fraudulent differs from others (errors) only with respect to the motive of the assessor. The same remedy is available." The case just cited is also authority for the proposition that in such a case, fraud on the part of the assessor does not make the assessment void, but that the taxpayer must pursue the method pointed out by statute for any review thereof. The cases of *Columbia Savings Bank* v. *Los Angeles Co.,* 137 Cal. 467, [70 Pac. 308], and *Board of Commissioners* v. *Wilson,* 15 Colo. 90, [24 Pac. 563]; are not at all in point, as is shown by the quotations therefrom contained in plaintiff's brief. In neither case was there any question of valuation of property concerned. In one the assessment was upon United States bonds which could not be assessed at all, and was absolutely void, and in the other the

questions raised were regarding the construction and validity of statutes and the legality of a tax imposed, none of which questions could be conclusively determined by the board of equalization. In the Colorado case it was said: "If the right to tax property was unquestioned, and the only questions were those of valuation and amount of tax, we might hold their (the board's) action conclusive."

We have already set forth the finding of the trial court regarding the proceedings before the board of equalization. In so far as it may be held to imply any lack of opportunity to plaintiff to fully present its case on the application for a reduction to that body, or any lack of diligence or fairness on the part of the members thereof in the hearing, consideration, and decision, or that the action of the board was hardly more than a mere form, not constituting a hearing of plaintiff's protest, we are satisfied that it must be held to be without sufficient support in the evidence. By reason of the fact that plaintiff's application was not filed until three days before the time when the board of equalization must finally adjourn, and that there were numerous other applications for reduction of assessment, the time for the consideration of plaintiff's application was necessarily short. It is also apparent that the proceedings before the board were not and could not be conducted with the same degree of order and formality that is ordinarily attained in a well regulated court of justice. But there is no pretense that plaintiff did not introduce all the evidence that it offered or that it was deprived of opportunity to offer all the evidence it desired, or that the members of the board did not do their best to arrive at a fair and honest decision in the matter. There is some complaint to the effect that by reason of noise and confusion in the manner of conducting the proceedings, the members of the board could not hear and understand all that was said by the witnesses, but this claim appears to be based solely on the expressed doubt of one of the representatives of plaintiff whether they could, under the circumstances, hear all that was said. An official stenographer heard all the evidence and took it down in shorthand, and all of the members of the board who testified (four of the five members) said that they heard such evidence and considered it. It appears from the evidence that when it came to a decision the application of

plaintiff for a reduction of its assessment was granted in part upon some property, but denied as to the property involved in this case. The record does not show what evidence was given before the board of equalization as to the value of the property here involved. The finding as to the action of the board being properly attacked by specifications of insufficiency of evidence, and the statement on motion for a new trial purporting to contain all the evidence given in the lower court on all matters covered by such specifications, there is absolutely no warrant for holding that the decision of the board was not an absolutely fair and correct decision upon the evidence introduced before it, a decision to the effect that applying the same method as was applied in the ascertainment of the value for assessment purposes of all the property in the county, the value apportioned to plaintiff's property was not excessive. We can find no warrant in the record for avoiding the decision of the board of equalization, and that being so, it must be held that it is an adjudication that the valuations placed upon plaintiff's property here involved were not excessive, and that such property was not assessed at a greater proportion of its value than any other property in the county, an adjudication which is conclusive upon the courts. The conclusion we have reached renders it unnecessary to consider any other proposition discussed on this appeal.

The judgment and order denying a new trial are reversed.

Lorigan, J., Sloss, J., Allen, J., *pro tem.,* and Henshaw, J., concurred.

Justice Allen of the district court of appeal of the second district participates herein, under order of the supreme court, in place of Justice Lucien Shaw, who deemed himself disqualified by reason of relationship to one of the attorneys.