[No. 15015. In Bank.—July 20, 1893.]

SPRING VALLEY WATER WORKS, Appellant, *v.* JAMES B. BARBER, Tax Collector, Respondent.

Taxation— Assessment of Franchise of Water Company — Ownership of Water Pipe—Right of Way. — A water company, whose franchise has been assessed in the county where it has its principal place of business, cannot be assessed as upon a "franchise" for a mere right of way in another county, through which a portion of its pipe and pipe line passes entirely unconnected with any privilege granted by such county to take tolls or collect water rates, or enjoy any other special prerogative. Such mere right of way is not a franchise.

Appeal from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*Fox, Kellogg & King, Fox & Kellogg,* and *William F. Herrin.* for Appellant.

*George W. Reed,* for Respondent.

The Court.—This action was brought to restrain the defendant, as tax collector of Alameda County, from making a sale for alleged delinquent taxes upon the assessment of a "franchise" for the fiscal year 1889–90. A general demurrer to the complaint was sustained, and judgment rendered for defendant; and plaintiff appeals. No question as to proper remedy is raised, and the case is submitted upon the sole question of the legality of the assessment and tax.

As appears from the complaint, the plaintiff is a corporation

organized under a general law approved April 22, 1858, entitled "An act for the incorporation of water companies" (Stats. 1858, p. 218), for the purpose of supplying the city and county of San Francisco and the inhabitants thereof with pure fresh water; and ever since its incorporation on June 10, 1858, its principal place of business has been in said city and county, where its works furnish the main supply of water to said city and county and the inhabitants thereof. It further appears that its "franchise" was assessed for said fiscal year in said city and county for a large sum, and the tax levied thereon paid by appellant.

The complaint further shows that the board of supervisors of Alameda County, on March 26, 1888, passed a general ordinance giving to "any person, firm, association, or corporation engaged in the business of supplying fresh water to any city or town, or any city and county in the state" the privilege of laying and maintaining pipes as conduits therefor, in or through any of the roads and highways of said county, subject to certain conditions stated in the ordinance; and afterwards the appellant being desirous of bringing a part of its supply of water for San Francisco across said adjoining county of Alameda, laid a part of its pipe used for that purpose along portions of certain roads in said county. Taxes were assessed and levied in said county upon said pipe and pipe line, and upon other property owned by appellant in said county, and were paid; but in addition to these taxes, said county is endeavoring to collect further taxes upon an assessment of its "franchise." The only franchise asserted rests upon the pipe for carrying water to San Francisco before mentioned.

While all ordinary real and personal property owned by appellant in Alameda County, and used in connection with its business of supplying San Francisco with water, is to be taxed in Alameda county in common with other property, we do not think that its mere ownership of water pipe there, as aforesaid, creates a "franchise" assessable in that county. It had a mere right of way in common with all other persons, entirely unconnected with any privilege granted by the county to take tolls, collect water rates, or enjoy any other special prerogative or advantage. Such a right was certainly not, at common law,

a franchise.   Blackstone makes a clear distinction between franchises and ways.   In the cases cited by respondent it was held that in determining the assessable value of the franchise of a water company *in the city* which it supplies with water, its right to run pipes through the streets might be considered in connection with its other corporate rights, and particularly in connection with its *franchise to collect water rates.*   In *Spring Valley Water Works* v. *Schottler*, 62 Cal. 109, the court say: "A franchise conferred on an individual to lay down pipes in the streets of a city *and* to collect rates for water furnished a city or its inhabitants is to be taxed," etc.   In *San Jose Gas Co.* v. *January*, the plaintiff was a corporation "engaged in the manufacture and *selling* of gas to the city and inhabitants of the city of San Jose," and its entire "franchise" was assessed as a whole.   (In that case the court held that a proper method of arriving at the assessable value of the franchise was to deduct the cash value of all the real and personal property of the corporation from the market value of its capital stock, which, of course, could not have been done in the case at bar; and it may be presumed that when the franchise of the appellant was assessed in San Francisco everything was included which the county of Alameda undertook to assess under the head of "franchise.")   In none of the other cases cited was there any question about a mere right of way in an adjoining county entirely unconnected with any franchise granted by that county to collect tolls or water rates.   We think that whatever franchise the appellant has came from its charter, and is assessable at San Francisco, its principal place of business, under section 3628 of the Political Code.   Indeed, it is difficult to see how the respondent can claim that the general right given to lay pipes is a franchise, for the board of supervisors have power to grant franchises only as follows: "To grant licenses and franchises, as provided by law, for constructing, keeping and *taking tolls* on roads, bridges, fences, wharves, chutes and piers." (Pol. Code, sec. 4046.)

Our conclusion is that, under the circumstances here disclosed, the appellant had no franchise assessable in Alameda County, and the demurrer should have been overruled.   The judgment must be reversed, and if respondent shall present no

other defense than the one involved in the demurrer a decree should be entered in accordance with the prayer of the complaint. Judgment reversed and cause remanded.

DE HAVEN, J., did not participate in the foregoing decision.