Case 98.—SUIT BY THE AMERICAN SURETY CO., OF NEW
YORK, AGAINST S. W. HAGER AND OTHERS AS THE
STATE BOARD OF VALUATION AND ASSESSMENT TO
RESTRAIN THEM FROM MAKING A CERTAIN ASSESS-
MENT OF PLAINTIFF'S FRANCHISE.—January 23.

## Hager, &c. v. American Surety Co,

121  791
133  302
133  718
135  329

Appeal from Franklin Circuit Court.          `

R. L. Stout, Circuit Judge.          ·

From a judgment sustaining a demurrer to the an-
swer, defendants appeal.    Affirmed.

1. Taxation—Assessment — Valuation—Corporate   Franchise—Re-
port of Corporation—Other Evidence—The State Board of
Valuation and Assessment in determining the value of the
capital stock of a corporation under Ky. Stats. 1903, sec.
4079, in order to fix the valuation of the franchise, may accept
the statement made by the corporation under sec. 4078 as
the basis of value, or it may take other evidence.

2. Same—Determination of Stock Value—Method of Computation
—Under Ky. Stats. 1903, sec. 4079, requiring the State Board
of Valuation and Assessment to fix the value of the capital
stock of corporations, for the purpose of determining the
franchise valuation, may accept the sale price of the cor-
poration's shares, add the surplus to capital, or capitalize
net earnings by fixing as its value a sum which at 6 per cent.
interest would realize an amount equal to the net earnings,
and may even conbine such several processes.

3. Same—Computation of Franchise Value—Ky. Stats. 1903, sec.
4077, requires corporations to pay a franchise tax; and sec.
4080 provides, if such company be a foreign corporation, the
board of valuation and assessment are required to fix the capi-
tal stock, and then determine from the amount of the gross re-
ceipts of such corporation the proportion which the gross
receipts in the State bears to the entire gross receipts, and
the same proportion of the value of the entire capital stock,
less the assessed value of tangible property assessed, shall
be the correct value of the corporate franchise for taxation

in the State. Held—That the board, in the case of a foreign company, must ascertain the gross receipts in the State from every source, and calculate the proportion which the gross receipts in the State bear to the entire gross receipts, and that proportion of the value of the entire capital stock, less the assessed value of its property, constitutes the correct value of the corporate franchise, and a calculation of such franchise valuation, by finding the principal which at 6 per cent. would produce an income amounting to the corporation's net earnings in the State, was erroneous.

N. B. HAYS, Attorney General, and CHAS. H. MORRIS for appellants.

It is the contention of the State:

1. That the statutory provision for the taxation of the corporate franchise of a foreign corporation as set out in Ky. Stats., sec. 4080, is not mandatory, but directory only.

2. If the result reached by the board was correct or not more onerous on appellee than it should have been the assessment should not be disturbed for no principle is better settled than that if an officer is right in his conclusion, the fact that he gives bad reasons for it, or reaches it in a wrong way is immaterial.

3. If the board of valuation and assessment has no discretion as to the method of fixing the value of the franchise, and the provisions of sec. 4080, Ky. Stats., are mandatory, and must be literally complied with by the board then said section is unconstitutional, because it is an usurpation of a judicial function by the legislature. (Slaughter v. Louisville, 89 Ky., 121; Life Associtaion v. Board of Assessors, 49 Mo., 512; People v. Hastings, 29 Col., 449; In re Union Coll., 129 N. Y., 308; Attorney General v. Leavenworth, 2 Kan., 61; Western Railroad Co. v. Nolin, 48 N. Y., 513; Thompson v. City of Lexington, 20 Ky. Law Rep., 457; Albuquerque Nat. Bank v. Pa., 147 U. S., 92; City of Covington v. Shinkle, 25 Ky. Law Rep., 73; State Constitution, sec. 231; U. S. Cons. 11 Amendment; Exparte Ayres, 123 U. S., 443; Louisiana v. Junne 107 U. S., 711; Hans v. State of Louisiana, 134 U. S., 1; Coulter, Auditor v. Weir, 127 Fed. Rep., 897.)

THOMAS W. BULLITT and ALEX. SCOTT BULLITT for appellee.

Our contention is:

1. That under Ky. Stats., sec. 4079, the board in fixing the value of the entire capital stock of domestic corporations, is not limited to any given mode of procedure. It may accept the report made

under sec. 4078, Ky. Stats., as the basis of valuation, or it may take "other evidence;" it may accept the sale price of the shares, or it may add the surplus to capital; it may capitalize net earnings; or it may combine these several processes in fixing the value of the entire capital stock.

2. In respect to foreign corporations the method is substantially the same, except as provided in sec. 4080, Ky. Stats., after finding the value of the entire capital stock, the next step is to ascertain the gross receipts of the corporation in Kentucky, and the entire gross receipts from every other source, including Kentucky, then calculate the proportion which the gross receipts in Kentucky bear to the entire gross receipts of the corporation, and that proportion of the value of the entire capital stock (less the value of assessed tangible property) shall be the value of the franchise subject to taxation.

OPINION BY JUDGE SETTLE—Affirming.

Appellee, American Surety Company of New York, is a corporation created and organized under the laws of the State of New York. The business it is authorized to engage in, and which it is pursuing in Kentucky and other States and territories of the United States, is expressed in its charter as follows: "The kind of business to be undertaken by the company shall be the guarantying the fidelity of persons holding places of public or private trust, guarantying the performance of contracts other than insurance policies, and executing or guarantying bonds and undertakings required or permitted in all actions or proceedings or by law allowed." It appears that appellee has complied with all the conditions prescribed by the laws of Kentucky to entitle it to do business in the State, and in fact has for many years conducted therein the business authorized by its charter and the laws of the State. Among other things required of it and other corporations, both foreign and domestic, by the laws of Kentucky, is the payment of a franchise tax for State, county, and municipal purposes and the making of annual written reports to

the Auditor of Public Accounts, presenting the data necessary to the fixing of the amount of such franchise tax. Such a report was made by appellee between the 15th day of September and the 1st day of October, 1904. The salient features of that report furnished the Auditor the following information: (1) That appellee has no preferred capital stock. (2) That its common stock consists of 50,000 shares, of the par value of $50 each, fully paid up, aggregating $2,500,000. (3) That its surplus fund was $1,000,-000; undivided profits, $1,017,849.53—total, $2,017,-849.53. (4) That the highest price at which the stock was sold at a bona fide sale within 12 months next before September 15, 1904, was $82.50, or 50,000 at $82.50 per share, $4,125,000. (5) That the gross earnings and income of appellee from all sources for 12 months next before September 15, 1904, was $2,-098,363.95. (6) That appellee's net earnings and income from all sources during same period of 12 months was $232,092.98. (7) That its gross income on business done in the State of Kentucky within 12 months next before September 15, 1904, was $9,152.-51. (8) That its net income on business done in Kentucky during the same period was $4,496.27.

On January 31, 1905, the State board of valuation and assessment, consisting of appellants, S, W. Hager, Auditor of Public Accounts, H. M. Bosworth, Treasurer, and H. V. McChesney, Secretary of State, having no other evidence before them than the foregoing report and claiming to act upon the information it furnished, fixed the tentative assessment of appellee's franchise for the year 1905 at $74,938, the tax on which, at 50 cents on the $100, would amount to $374.69. Written notice of the tentative assessment was at once given appellee by the State Board of

valuation and assessment, with the information that it would have 30 days to be heard on the subject of the valuation. On February 9, 1905, the State Board of Valuation and Assessment by formal action confirmed and made permanent the tentative assessment made of appellee's franchise at the previous meeting of January 31st, and by written notice advised it of the action of the State Board in the premises. Thereupon appellee brought this equitable action in the Franklin Circuit Court against appellants as members of the State Board of Valuation and Assessment for the purpose of preventing such assessment of its franchise and the collection of the tax attempted to be imposed by reason thereof, and upon appellee's application a temporary injunction was issued by the judge of the Franklin Circuit Court in manner and form as prayed in the petition. A demurrer was interposed by appellee to the answer filed by appellants, and sustained by the lower court. Appellants refusing to plead further, judgment was entered perpetuating the injunction, and from that judgment this appeal is being prosecuted.

The question brought to us by the appeal is: What is the proper statutory method by which the State board of valuation and assessment should ascertain and determine the value of appellee's corporate franchise for purposes of State, county and municipal taxation? In arriving at the value of appellee's corporate franchise in this case, the board simply took its net earnings in this State for the previous year as shown by the last report to the Auditor, which was $4,496.27, and ascertained what sum at 6 per cent. would produce such net income. As $74,938 was found to be the sum that at 6 per cent. would make a sum equal to the net income, $74,938 was therefore adopted as the value of the franchise, the tax upon

which, at 50 cents on the $100, would amount to $374.-69, the amount demanded of appellee. It is insisted for appellee that the foregoing method is inapplicable to the assessment of the corporate franchise of a foreign corporation.

Kentucky Statutes, 1903, section 4077, provides: "Every railway company or corporation and every incorporated bank, trust company, guarantee or security company, * * * also every other corporation, company or association, having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons or performing any public service, shall, in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district where its franchise may be exercised. The Auditor, Treasurer and Secretary of State are hereby constituted a board of valuation and assessment, for fixing the value of said franchise. * * * The place or places where such local taxes are to be paid by other corporations on their franchise, and how apportioned, where more than one jurisdiction is entitled to a share of such tax, shall be determined by the board of valuation and assessment."* * * In order to determine the value of the franchises mentioned in the section, supra, each of the corporations therein named (except banks and trust companies, whose statements must be filed as required by section 4092) is required by the next succeeding section (4078) to annually, between the 15th day of September and the 1st day of October, make and deliver to the Auditor of Public Accounts a statement, verified by its president, cashier, secretary, treasurer, or other chief officer or agent, in such form as the Audi-

tor may prescribe, showing the following facts: "The name and principal place of business of the corporation, company or association; the kind of business engaged in; the amount of its capital stock, preferred and common; the highest price at which such stock was sold at a bona fide sale within twelve months next before the 15th day of September of the year in which the statement is required to be made; the amount of surplus fund and undivided profits and the value of all other assets; the total amount of indebtedness as principal, the amount of gross and net earnings or income, including interest on investments, and incomes from all other sources for twelve months next preceding the fifteenth day of September of the year in which the statement is required; the amount and kind of tangible property in this State and where situated, assessed, or liable to assessment in this State, and the fair cash value thereof, estimated at the price it would bring at a fair voluntary sale, and such other facts as the Auditor may require." Section 4079 provides: * * * "If the corporation, company, or association be organized under the laws of any other State or government, or organized and incorporated in this State, but operating and conducting its business in other States as well as in this State, the statement shall show the following facts, in addition to the facts hereinbefore required: The gross and net income or earnings received in this State and out of the State, on business done in this State, and the entire gross receipts of the corporation, company or association, in this State and elsewhere during the twelve months next before the fifteenth day of September of the year in which the assessment is required to be made.    In cases where any of the facts above required are impossible

to be answered, or will not afford any valuable infor-
mation in determining the value of the franchises to
be taxed, the said board may excuse the officer from
answering such questions: Provided that said board
may from said statement, and from such other evi-
dence, as it may have, if such corporation, company,
or association be organized under the laws of this
State, shall fix the value of the capital stock of the
corporation, company or association, as provided in
the next succeeding section, and from the amount
thus fixed shall deduct the assessed value of all tangi-
ble property assessed in this State or in the counties
where situated. The remainder thus found shall be
the value of its corporate franchise subject to taxa-
tion as aforesaid.''

The method here presented is neither tedious nor
difficult. The value of the capital stock being ar-
rived at and the assessed value of tangible property
deducted, the remainder constitutes the value of the
franchise subject to taxation. In determining
the value of the entire capital stock, the board has a
large discretion. It may accept the statement re-
ported under section 4078 as the basis of value, or it
may take other evidence. It has the right to accept
the sale price of the shares, add the surplus to cap-
ital, or capitalize net earnings by fixing as its value a
sum which at 6 per cent. interest would realize an
amount equal to the net earnings of the corporation.
Indeed, we know of no reason why it may not even
combine these several processes in determining the
value of the entire capital stock. But, as appellee is
a foreign corporation, an additional requirement
must be observed in ascertaining the value of its
corporate franchise subject to taxation. This is
found in section 4080 of the statute, which pro-

vides: "If the corporation, company or association be organized under the laws of any other State or government, except as is provided in the next section (having reference to railroad, telegraph, and telephone corporations, etc.), the board shall fix the capital stock as hereinbefore provided, and will determine from the amount of the gross receipts of such corporation, company or association, in this State and elsewhere, the proportion which the gross receipts of this State, within twelve months next before the fifteenth day of September of the year in which the assessment was made, bears to the entire gross receipts of the company, the same proportion of the value of the entire capital stock less the assessed value of the tangible property assessed or liable to assessment, in this State, shall be the correct value of the corporate franchise of such corporation, company or association for taxation in this State."

The three things to be done under section 4080 are: (1) The value of appellee's entire capital stock is to be fixed by the board of valuation and assessment. This they may do in the manner provided by section 4079, with respect to domestic corporations.    (2) The board must then ascertain the gross receipts of appellee in this State and the entire gross receipts from every source, including Kentucky.    (3) Finally the board should calculate the proportion which the gross receipts in Kentucky bear to the entire gross receipts of appellee, and that proportion of the value of the entire capital stock, less the assessed value of its tangible property in this State, will constitute the correct value of its corporate franchise subject to taxation in this State for State, county, and municipal purposes.    However, as appellee appears to have

no tangible property in this State, no deduction therefor will be necessary. Under this plan of assessment, if, as argued by counsel for appellee, its gross earnings in this State would equal one-tenth or one-hundredth of the entire gross receipts, then one-tenth or one-hundredth of the entire capital stock is the value of the franchise subject to taxation. Whether the tax realized by this method of assessing the valuation of appellee's corporate franchise would be more or less than the amount ascertained by the process adopted by the board of valuation and assesment is not material. The question presented for our consideration is one of statutory construction. We are of opinion that the board of valuation and assessment has no powers save those conferred by statute; and, as there is no statutory recognition of its rights to "capitalize the net earnings" in this State as the basis for taxation of the corporate franchise of a foreign corporation, its act in doing so in this case was unauthorized. The only method of assessing such franchise is prescribed by section 4080 of the Kentucky Statutes of 1903, supra, and in our opinion the provision is mandatory.

The authorities relied on by the learned Attorney General apply only to the assessment of domestic corporations, in respect to which the board may exercise large discretion. In Henderson Bridge Company v. Commonwealth, 99 Ky., 645, 17 Ky. Law Rep., 389, 31 S. W., 492, 29 L. R. A., 73, this court took occasion to say that the action of the board of valuation and assessment in fixing the value of a corporate franchise for taxation "should not be lightly set aside or disregarded by the courts, unless the board proceeded upon an erroneous principle, or adopted an improper mode or manner of estimating

the value of the franchise, or unless fraud is charged and shown to exist." In our view of the law, the board adopted an erroneous method in fixing the value of appellee's corporate franchise.

The judgment of the lower court being in accord with the conclusions herein expressed, the same is affirmed.