[L. A. No. 2584. In Bank.—October 17, 1911.]

## CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. WESTERN UNION OIL COMPANY (a Corporation), Appellant.

TAXATION—ASSESSMENT OF CORPORATE FRANCHISE—MARKET VALUE OF STOCK AS BASIS OF ASSESSMENT.—A proper method for ascertaining the value of the franchise of a corporation to be a corporation is to deduct from the aggregate market value of its shares the value of its tangible property, taking the difference as the value of the franchise.

Id.—Excessive Valuation not Evidence of Fraud. — An excessive valuation of such a franchise is not by itself alone evidence of fraud, and any inference or presumption of fraud arising from merely excessive valuation is repelled by proof that the valuation was arrived at by such method.

Id.—Market Value Synonymous with Full Cash Value—Market Value Law Determined. — The market value of the stock of a corporation on a given day is synonymous with "value" and "full cash value" defined by section 3617 of the Political Code, and in the absence of exceptional or extraordinary conditions giving an abnormal value to the stock on the first Monday in March, the assessor may take its market value on that day as representative of its then full cash value.

Id.—Failure to Assess Franchises of Other Corporations and Foreign Corporations.—A domestic corporation whose franchise to be a corporation has been so assessed is not relieved from the payment of the tax levied thereon from the fact that the franchises of other like corporations escaped like assessments, nor is such a tax discriminatory against domestic corporations in that it is not levied against the franchises of foreign corporations.

Id.—Franchises of Foreign Corporations not Assessable in this State.—Such corporate franchise is to be assessed at the principal place of business of the corporation, and as the principal place of business of a foreign corporation is without the state its franchise cannot be assessed herein.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

Gibson, Trask, Dunn & Crutcher, Edward E. Bacon, and Henry M. Young, for Appellant.

Leslie R. Hewitt, City Attorney, John W. Shenk, City Attorney, and C. B. Penn, Deputy City Attorney, for Respondent.

THE COURT.—This action was instituted to recover from the defendant $16,654.24 taxes with ten per cent penalty added thereto for nonpayment thereof and interest. This represented the tax upon defendant's "franchise to be a corporation" assessed for $1,423,555. The value of this franchise was arrived at by multiplying the amount which the shares of defendant corporation were selling for upon the stock ex-

change in the city of Los Angeles on the first Monday in March, 1907 ($303 per share), by the total number of shares of the capital stock of the corporation and deducting therefrom the assessed value of all the other property of the corporation,—namely, its leasehold interest in lands in Santa Barbara County, together with derricks, oil boring machinery, tanks, reservoirs, and oil assessed at $82,580 and money in hand amounting to $8865. The sum so reached as the value of the franchise of the corporation was by the assessor divided in two and fifty per cent of it, the sum above given, fixed as the assessment value of the franchise. Upon these facts the trial court gave judgment for plaintiff and from that judgment defendant appeals.

The trial court found as follows: "In the opinion of the court the value placed thereon, to wit: the sum of $1,323,555.00 was grossly excessive, but the court holds that it has no jurisdiction to review the action of the board of equalization of said city of Los Angeles in fixing the value of said franchise to be a corporation at the sum of $1,323,555.00, and also that the method pursued by the assessor in arriving at the value of the franchise was in accordance with the rule established by the supreme court."

The trial court truly declares that the method adopted by the assessor in this instance is in accordance with the rule established by the decisions of this court. In *Crocker* v. *Scott,* 149 Cal. 575, 592, [87 Pac. 102], it is said: "It is settled law in this state that a proper method for ascertaining the value of the franchise of a corporation is by deducting from the aggregate market value of its shares the value of its tangible property, and taking the difference as the value of the franchise. (See *San Jose Gas Co.* v. *January,* 57 Cal. 614; *Spring Valley Water Works* v. *Barber,* 99 Cal. 36, 38, 21 L. R. A. 416, [33 Pac. 735]; *Bank of California* v. *San Francisco,* 142 Cal. 276, 287, [100 Am. St. Rep. 130, 84 L. R. A. 918, 75 Pac. 832].)"

To the argument of the appellant that the assessment in this instance is so grossly excessive as to compel the belief that it was made without the exercise of judgment and therefore carries upon it the impress of constructive fraud (*Postal T. Co.* v. *Dalton,* 119 Cal. 604, [51 Pac. 1072]; *Whatcom County* v. *Land Co.,* 7 Wash. 101, [34 Pac. 563]; *Arosin* v.

*Mortgage Co.,* 80 Minn. 277, [83 N. W. 339]; *Southern Oregon Co.* v. *Coos County,* 39 Ore. 185, [64 Pac. 646]; *Merrill* v. *Humphrey,* 24 Mich. 170) the complete answer is that an excessive valuation by itself alone is not evidence of fraud *Templeton* v. *Pierce Co.,* 25 Wash. 377, [65 Pac. 553]; *East St. Louis Ry. Co.* v. *People,* 119 Ill. 182, [10 N. E. 397]; *Burton Stock Car. Co.* v. *Traeger,* 187 Ill. 9, [58 N. E. 418]) and any inference or presumption of fraud arising from merely excessive valuation is at once repelled in this case by proof that the method adopted of fixing that valuation was the method sanctioned and directed by the highest court of the state. The assessor took the market value of the stock on a given day and that market value is synonymous with "value" and "full cash value" defined by section 3617 of the Political Code. It is not contended that there were exceptional or extraordinary conditions giving an abnormal value to the stock at the moment of time fixed by the assessor for the taking of its market value, and in the absence of such abnormal or extraordinary circumstances the market value fairly represents the full cash value (*Crocker* v. *Scott,* 149 Cal. 575, [87 Pac. 102]). The fact, if it be a fact, that the franchises of other corporations escaped a like assessment would not relieve appellant from the duty of paying the assessment upon its franchise properly levied, nor can the payment of the tax be avoided under appellant's last contention that the tax is discriminatory against domestic corporations in that it is not levied against the franchises of foreign corporations. The corporate franchise is to be assessed at the principal place of business of the corporation and as the principal place of business of a foreign corporation is without the state its franchise cannot be assessed herein. Foreign corporations and domestic corporations alike are required to pay taxes upon all the property owned by such corporations within the state.

We have not discussed at length the proposition urged that under the code "each franchise must be entered in the assessment book without combining the same with other property or the valuation thereof" (Pol. Code, sec. 3650, subd. 15) and that in this instance under the guise and name of assessing franchise there has been assessed the good will, the prospective dividends, and the speculative value of the stock, for the

reason that these questions must be deemed concluded by the language of *Crocker* v. *Scott* above quoted.

The judgment appealed from is therefore affirmed.

Rehearing denied.