[L. A. No. 3007. Department Two.—February 21, 1913.]

KERN RIVER COMPANY (a Corporation), Appellant, v. COUNTY OF LOS ANGELES (a Public Corporation), Respondent.

TAXATION—ASSESSMENT OF FRANCHISE—USE OF HIGHWAYS BY ELECTRIC LINE—TOLLS NOT COLLECTED ALONG ROUTE.—The occupancy by an electric light and power company of certain of the public highways of a county by its transmission line, in pursuance of an ordinance of the county granting it a franchise to construct a line along such highways for the purpose of conducting and distributing electrical energy along said route, is assessable as a franchise, not-

withstanding the company at the time of the assessment was not using the transmission line erected along that route for the purpose of collecting tolls.

ID.—ASSESSMENT OF FRANCHISE IN DIFFERENT SCHOOL DISTRICTS—VALUATION—ABSENCE OF FRAUD.—In the absence of any fraud on the part of the assessor in the valuation of such franchise, the assessments of which in each school district purported to be upon the franchise used in that particular district, the fact that he valued the franchise in each district according to the number of miles of transmission lines in that district, without reference to the extent of the public highways over which the lines were erected, does not render the assessments violative of section 10 of article XIII of the constitution, requiring property to be assessed in the district in which it is situated.

ID.—METHOD OF VALUATION DETERMINABLE BY ASSESSOR.—In the absence of fraud on the part of the assessor, his method of arriving at the valuation of property is a matter committed entirely to his determination.

ID.—APPROVAL OF ASSESSMENT BY BOARD OF EQUALIZATION.—Where such company had appealed to the county board of equalization to correct the alleged inequalities in such assessments, the refusal of the board to reduce the assessments is, in the absence of fraud, conclusive upon the courts.

ID.—INVALID ASSESSMENT—HIGHWAYS OF DISTRICT NOT USED FOR TRANSMISSION LINE—APPROVAL BY BOARD OF EQUALIZATION.—Such franchise could not be assessed against the company in a school district in which no part of the public roads was used in the operation of its lines. Such an attempted assessment thereof is without the jurisdiction of the assessor to make, and cannot be validated, or rendered conclusive, by the action of the county board of equalization in approving it.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, and Edward E. Bacon, for Appellant.

J. D. Fredericks, and Hartley Shaw, for Respondent.

MELVIN, J.—Plaintiff sued, with partial success, to recover certain taxes for the fiscal year 1908–9, which had been paid under protest. This appeal is from that part of the judgment which was adverse to plaintiff.

Plaintiff is a corporation engaged in the business of producing electricity for light and power. . From its power plant in Kern County it transmits its product over its lines to a transforming station in the city of Los Angeles, where all of its electricity is delivered to another corporation. No local service is given along the course of its transmission lines.

The tax which was paid under protest was levied upon plaintiff's "franchise to use the public highways of the county of Los Angeles." This franchise to use the highways of the county outside of the city of Los Angeles was assessed for the aggregate sum of $28,960, the total amount being distributed by the assessor among the various school districts through which plaintiff's lines extended in proportion to the mileage in each district, without regard to the actual use of the public highways therein. In Delsur district plaintiff's lines extended entirely over private rights of way and · not a foot of any county road was used. In Elizabeth Lake, Castiac, Newhall, and Vinedale the only use of public highways was in crossing, nine public roads being so used for an aggregate distance of three hundred and sixty feet. In four other districts (Morningside, Burbank, West Glendale, and Tropico) more than fourteen miles of the public roads were occupied longitudinally by plaintiff's power line, yet in the districts wherein the roads were merely crossed for an aggregate distance of three hundred and sixty feet the assessment was more than twice as much as in the four wherein fourteen miles of highways were utilized in part for plaintiff's benefit.

Plaintiff presented its objections to the board of equalization, but that tribunal affirmed the assessment.

Appellant's first point is that its occupancy of the highways of Los Angeles County by its transmission lines is not a franchise and not assessable as such. In this behalf it calls attention to the fact that it · is merely a manufacturer of electric power which it delivers to a single consumer and that it does not use its transmission lines for the purpose of collecting tolls. Further, it submits that the assessment of its transmission lines in their entirety should be deemed to include whatever rights of way it possessed in the public roads. In support of this position, *Spring Valley Water Works* v. *Barber,* 99 Cal. 36, [21 L. R. A. 416, 33 Pac. 735],

is cited. There is, however, a difference between that case and this. In that case, the permission granted by the supervisors of Alameda County to lay pipes along the highways of said county did not authorize the water company to sell water in that county and to collect tolls. "It had a mere right of way in common with all other persons, entirely unconnected with any privilege granted by the county to take tolls, collect water rates or enjoy any other special prerogative or advantage." In the case at bar the findings show that in 1896 the board of supervisors of Los Angeles County by ordinance granted a franchise to plaintiff's predecessor to construct a line or lines along certain designated highways of Los Angeles County for the purpose of conducting and distributing electrical energy along said route. The franchise carried with it "the right to collect rates or compensation for the use of electrical energy." It is true that this part of the franchise was not being used at the time of the assessment here attacked and that was a matter proper for the consideration of the board of equalization in fixing the value of plaintiff's privilege for the purposes of taxation. The mere fact that the right to collect rates was not asserted did not make it valueless however. Plaintiff's position as a going company, traversing a rich territory, was of some increased value in keeping out possible competitors in view of the fact that at any time it might have undertaken to supply electricity to the residents along the lines of its transmission system. It possessed an assessable franchise.

Appellant's next contention is that the assessor violated the constitutional mandate of section 10 of article XIII in failing to assess the property in the districts in which it was situated. While we must concede that the method followed by the assessor was, to say the least, unscientific, in that he valued the franchise in each school district according to the number of miles of transmission lines in that district, without reference to the extent of the public highways over which said lines were erected, we find that the assessment in each instance purported to be upon the franchise used in a particular school district. This was a substantial compliance with the requirement of the constitution. In the absence of fraud, mere irregularities in an assessment do not vitiate it. While there were allegations of fraud in the complaint and denials

thereof in the answer, no evidence thereon was introduced and the court made no finding upon the subject. This did not constitute error. (*Kaiser* v. *Dalto,* 140 Cal. 170, [73 Pac. 828].) In the absence of fraud on the part of the assessor, his method of arriving at the valuation of property is a matter committed entirely to his determination. (*San Jose Gas Co.* v. *January,* 57 Cal. 614; *Los Angeles* v. *Western Union Oil Co.,* 161 Cal. 206, [118 Pac. 720].)

Respondent is of the opinion that the case of *Los Angeles Gas & Electric Co.* v. *County of Los Angeles,* 162 Cal. 165, [121 Pac. 384], is decisive of the problems presented here. In that case, as in this, the public service corporation had appealed to the county board of equalization to correct the alleged inequalities in the assessment of its properties. The board had refused to reduce the assessment and it was held that in the absence of fraud the action of the board of equalization was absolutely binding upon this court. That case is, therefore, conclusive against appellant with reference to the assessments made in school districts where there was property in the nature of "franchises to use the public highways of the county of Los Angeles." But we do not think the action of the board of equalization is conclusive with reference to the assessment of such "franchise" in Delsur school district, wherein not one foot of the public roads was utilized by the plaintiff in the operation of its lines. The action of the board of equalization upon a subject not properly within its jurisdiction is not beyond review. Even a body possessing powers so enormous and in certain instances final jurisdiction, may not validate an assessment upon nonexistent property. Public highways are easements, and when they are enjoyed in part by a public service corporation in a way creating a special privilege, and derogating to that extent from the public servitude, the corporation becomes subject to an assessment for such a franchise as that here sought to be taxed. Where no such use appears within the territory covered by an attempted assessment, obviously there is nothing to assess, and a charge by the assessor would be as much without jurisdiction as his effort to assess property mortgaged to the state, without deduction for the mortgage. In such a case the board of equalization is not the only tribunal to which

the taxpayer may apply for relief.   (*Brenner* v. *Los Angeles,* 160 Cal. 77, [116 Pac. 397].)

That part of the judgment refusing plaintiff's demand for a return of the taxes paid under protest upon the assessment of its "franchise to use the public highways" in that part of Los Angeles County embraced within the territory of Délsur school district is reversed, with instructions to the lower court to enter judgment accordingly.   In all other particulars the judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.