[S. F. No. 9375. In Bank.—June 6, 1921.]

PACIFIC COAST STEAMSHIP COMPANY (a Corporation), Respondent, v. FRIEND W. RICHARDSON, as Treasurer, etc., Appellant.

[1] TAXATION — EXCESSIVE ASSESSMENT — WHAT CONSTITUTES. — An assessment grossly disproportionate as compared with other assessments is an excessive assessment, since the final object of the assessment is to distribute the tax ratably on the various parcels of property subject to it, and an unequal assessment on one parcel as compared with others means that an excessive portion of the tax falls on that parcel.

[2] ID.—GROSSLY EXCESSIVE ASSESSMENT—VALIDITY.—An assessment is not invalid from the mere fact that it is grossly excessive, since the matter cannot be gone into by the courts provided the method pursued in making the assessment is that prescribed by law, except where there is fraud or mistake.

[3] ID.—ASSESSMENT OF CORPORATE FRANCHISE—COMPUTATION NOT AUTHORIZED BY LAW—UNSUPPORTED FINDING.—In an action to recover a franchise tax paid under protest on the ground of the

———

3. Recovery of illegal tax paid "under protest," notes, 8 **Ann. Cas.** 669; 10 **Ann. Cas.** 1050; **Ann. Cas.** 1915A, 495.

invalidity of the assessment on which the tax was based, a finding that the assessment was based upon a computation not authorized by law is without support where there was no allegation in the pleadings or evidence introduced as to the method pursued, but only the allegation and proof that the board disregarded certain facts shown to it by the plaintiff's franchise tax return, since there is no method prescribed for ascertaining the total net value of the assets of a corporation for the purpose of determining the value of its franchise, and the conclusion of the board as to such net value can only be attacked for fraud or mistake.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Appellant.

Geo. W. Towle for Respondent.

OLNEY, J.—This is an action to recover the amount paid under protest by the plaintiff, a California corporation, to the state as the so-called "franchise" tax assessed against the plaintiff for the year 1917. The ground on which a recovery is sought is the alleged invalidity of the assessment on which the tax was based. The plaintiff recovered judgment in the lower court, and the state appeals.

A question which immediately presents itself upon the record is, Are the findings of the trial court sufficient to sustain the judgment in favor of the plaintiff? The sole finding of grounds by reason of which the alleged invalidity of the assessment appears is this: "The court hereby finds that the assessment of plaintiff's corporate franchise by the state board of equalization as of the first Monday in March, 1917, was grossly excessive; was grossly unequal as compared with the assessment by the said board of all other like franchises as of the first Monday in March, 1917, and that the assessment by the said board of plaintiff's said franchise as of the first Monday in March, 1917, was based upon a computation that was not authorized by law."

It will be noted that the grounds so found are three, to wit: (1) That the assessment was grossly excessive, (2) that it was grossly unequal as compared with the assessments of

other like franchises, and (3) that it was based upon a computation not authorized by law.

The first and second grounds are in reality the same. [1] An assessment grossly disproportionate as compared with other assessments is an excessive assessment, since the final object of the assessment is to distribute the tax ratably on the various parcels of property subject to it, and an unequal assessment on one parcel as compared with others means that an excessive portion of the tax falls on that parcel. [2] But the fact that an assessment is excessive, even though grossly so, does not itself make the assessment invalid. This is the rule generally followed in other jurisdictions and has been declared by at least three decisions of this court, namely, *Los Angeles* v. *Western etc. Co.,* 161 Cal. 204, [118 Pac. 720]; *Los Angeles etc. Co.* v. *County of Los Angeles,* 162 Cal. 164, [9 A. L. R. 1277, 121 Pac. 384]; *Miller & Lux* v. *Richardson,* 182 Cal. 115, [187 Pac. 411]. In the first of these cases, the finding of the trial court was, as here, that the assessment "was grossly excessive," and it was held, nevertheless, that it was insufficient as a ground for invalidating the assessment. In the last of the cases mentioned, the point is disposed of thus (182 Cal. 128, [187 Pac. 416]):

"The plaintiff complains bitterly of the assessments as excessive and arbitrary. But this is a matter that cannot be gone into by the courts, provided the method pursued in making the assessment is that prescribed by law, except where there is fraud or mistake. If the method pursued is not that prescribed by law, or, what is much the same thing, if the thing ostensibly valued and required by law to be valued is not really the thing valued, as in this case if the thing valued as franchise be not franchise as meant by the constitution, the matter can be gone into by the courts and the taxpayer relieved of the assessment. (*Coulter* v. *Weir,* 127 Fed. 897, [62 C. C. A. 429]; *Louisville etc. Co.* v. *Bosworth,* 230 Fed. 191; *Hager* v. *American Surety Co., supra* (121 Ky. 791, [90 S. W. 550].) But in the present case, as we have held, the method pursued of assessing the plaintiff's franchise on the basis of valuing its corporate excess was the correct one, and the thing assessed as franchise was the thing which was required to be so assessed by law as expressed in the constitution. This

being the case, the discretion of the assessing officials as to the valuation to be fixed is final in the absence of fraud or mistake. In the present case neither fraud nor mistake is alleged. It is alleged that the assessments are excessive and arbitrary. The character of the assessment in this respect may be cogent evidence of fraud, but of itself does not constitute fraud. In order that there be fraud, there must exist, on the part of the assessing official, a conscious failure to exercise that fair and impartial judgment which the law requires of him. This is both the general rule and the settled law of this state.''

It must be held, then, that the judgment is without support as to the first two grounds.

As to the third ground found, that the assessment ''was based upon a computation not authorized by law,'' it is exceedingly doubtful if the finding is anything more than a conclusion of law. It is not found what method of computation was or was not pursued, and so far as the finding shows, the method pursued may have been one which in the opinion of the trial court was not authorized in law, when in truth it was. [3] But passing this and assuming that the finding states a sufficient ground for invalidating the assessment, it is wholly without support either in the pleadings or in the evidence. There is no allegation in the pleadings nor is there a particle of evidence as to the method pursued by the board of equalization. All that is alleged is that the board did not pursue a method authorized by law in that it disregarded certain facts shown to it by the plaintiff's franchise tax return. It is unnecessary to state these facts. Suffice it to say that some of them were undoubtedly entitled to consideration as factors entering into the total net value of the plaintiff's assets and if not considered in that connection should have been in all fairness. But their bearing in that respect would be only on the good faith of the board, and as to that, as we have said, there is no finding other than the insufficient one that the valuation fixed was grossly excessive. The point in connection with the allegation that the board followed an unauthorized method in determining the assessment is that the disregarding of these facts, if they were disregarded, something as to which there is no evidence, would not involve a departure from the method prescribed by law for

the making of the assessment. There is no method prescribed for ascertaining the total net value of the assets of a corporation such as the plaintiff for the purpose of determining the value of its so-called "franchise," and the conclusion of the board as to such total net value can be attacked only for fraud or mistake. This in effect was likewise held in *Miller & Lux* v. *Richardson,* 182 Cal. 115, [187 Pac. 411]. The allegation, therefore, that the board disregarded the facts mentioned, although some of those facts were material in determining value, is not the equivalent of an allegation that the method prescribed by law was not pursued.

As to the evidence, it was confined to a showing that the facts mentioned did in truth exist. There was not even an attempt to show that the method prescribed by law was not followed. This would not have been shown even if it had been made to appear that the facts mentioned had been disregarded by the board, but in justice to the board we think we should say that no attempt was made to show that they were disregarded, and that the allegation of the complaint in that respect was flatly denied by the answer.

The case, then, may be summed up by saying that of the three grounds found to exist for invalidating the assessment, the first two, which are both to the effect that the assessment was grossly excessive, are not sufficient as legal grounds, and that the third, to the effect that the method prescribed by law was not followed, is not supported either by the pleadings or by the evidence.

Judgment reversed.

Shaw, J., Wilbur, J., Sloane, J., Lennon, J., Angellotti, C. J., and Lawlor, J., concurred.