[Sac. No. 4721.  In Bank.—September 29, 1933.]

CALIFORNIA PEAR GROWERS ASSOCIATION (a Corporation), Appellant, v. CHARLES G. JOHNSON, as State Treasurer, etc., Respondent.

Milton D. Sapiro for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Plaintiff brought this action to recover a corporation franchise tax paid under protest.  Judgment was entered for the defendant and plaintiff appeals.

Plaintiff is a nonprofit co-operative marketing association without capital stock or corporate excess, incorporated under the laws of the state of California, and having its place of

business in this state. During all the time here pertinent, it was engaged in marketing pears, produced by its members, on a nonprofit basis, returning to its members the proceeds of the sales less necessary selling expenses. It does not declare or pay dividends, and is not engaged in business for its own account.

The state board of equalization, in determining the value of plaintiff's franchise for the year 1928, considered, among other things, the business done by plaintiff for its members during the year 1927, as indicated by the amount of money returned to the members and by crop and market conditions of the product handled, and determined that a reasonable value of the advantages enjoyed by plaintiff as a result of the corporate franchise was one-sixtieth of the amount which plaintiff had so returned during the year 1927. On that basis, the board levied a tax, computed at the legal rate, amounting to $301.50, which plaintiff paid under protest, and now seeks to recover.

When the assessment and tax here involved were levied and collected, the state board of equalization applied the same process of arriving at the value of the franchise tax of all nonprofit co-operative associations marketing agricultural products, but assessed a nominal franchise tax of $8 against all other nonprofit co-operative associations. Appellant contends that the tax ascertained and arrived at by the method adopted by the board of equalization and assessed on its franchise is arbitrary, discriminatory and unauthorized. The state Constitution (art. XIII, sec. 14, subd. [d]) provided, at the time here pertinent, that all franchises (with designated exceptions) should be assessed at their actual cash value, in the manner to be provided by law. The law, at the same time, provided (Pol. Code, sec. 3664d) that these franchises ''shall include the actual exercise of the right to be a corporation and to do business as a corporation under the laws of this state . . . ''

It must, of course, be conceded that the method used by the state board of equalization in arriving at the tax in the present case is not the method approved by this court for arriving at the value of corporate franchises for purposes of taxation of corporations having stock structures; but it does not follow, for that reason, that the tax may not be valid. The franchise of appellant was the identical thing assessed by

the board of equalization, and it is unquestionably the thing that was required by the Constitution and the law to be assessed. ■ The fact that the assessment of the appellant and other nonprofit co-operative marketing associations marketing agricultural products may appear excessive, when compared with the nominal franchise tax levied against all nonprofit associations other than nonprofit co-operative marketing associations marketing agricultural products, does not, of itself, make the assessment invalid. (*Pacific Coast S. S. Co.* v. *Richardson,* 186 Cal. 70, 72 [198 Pac. 1034], and cases cited.) It nowhere appears that there was, on the part of the assessing board, a conscious failure to exercise that fair and impartial judgment which the law requires of it. This court held in *Utah Construction Co.* v. *Richardson,* 187 Cal. 649 [203 Pac. 401], that it was not essential that the legislature prescribe the method of valuation to be employed in estimating the value of corporate franchises, but that it "may delegate to its taxing officers the power to adopt a suitable method and, in the latter case, the assessors must value the property according to their best judgment and with honest purpose". ■ Therefore, the contention of appellant cannot be considered by the court, for the method pursued by the board in making the assessment, while not following any procedure laid down by law, so far as we are able to find, is, nevertheless, a method that could have been prescribed by law and may readily be sanctioned as reasonable. There being neither averment nor contention that fraud or mistake entered into the fixing of the assessment, that matter cannot be gone into by the courts. (*Miller & Lux* v. *Richardson,* 182 Cal. 115, 128 [187 Pac. 411].)

The legislature has prescribed (Pol. Code, sec. 3667) what information the owner or holder of franchises subject to taxation shall report in writing to the state board of equalization. Appellant complied with the requirements of this section. The board of equalization is directed to "ascertain and determine from [these] reports or from the best information it can obtain the actual cash value on the first Monday of March of each such franchise, and shall assess and levy the tax thereon in accordance with the provisions of subdivision (d) of section fourteen of article thirteen of the Constitution of this state". It is apparent that the law

placed a very wide discretion and freedom of action in the state board of equalization in the matter of determining the value of corporate franchises. The cases already cited hold that in the absence of fraud or mistake the action of the board cannot be inquired into.

The judgment here appealed from is affirmed.

Shenk, J., Seawell, J., Preston, J., Thompson, J., Langdon, J., and Curtis, J., concurred.

Rehearing denied.