[Sac. No. 1503.   In Bank.—March 11, 1908.]

## VISALIA SAVINGS BANK et al., Respondents, v. CITY OF VISALIA et al., Appellants.

SCHOOL DISTRICT—LAND OUTSIDE OF CITY LIMITS—TAXATION—LEVY OF TAXES BY TRUSTEES OF CITY.—Under the Municipal Corporation Act (Stats. 1883, p. 24), and its amendments of 1891 and 1901, and sections 1576 and 1670 of the Political Code, the board of trustees of a city of the fifth class, the territory of which together with adjoining territory outside of its limits constitutes a school district, has power to levy a school tax upon the lands of the school district lying outside of the city. The exercise of such power by the board of trustees is not violative of any inhibition of the constitution.

APPEAL from a judgment of the Superior Court of Tulare County.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

H. B. McClure, and H. T. Miller, for Appellants.

Chas. G. Lamberson, and Frank Lamberson, for Respondents.

McFARLAND, J.—The defendant, the city of Visalia, is a municipal corporation of the fifth class, and the other defendant, T. W. Holder, is a tax-collector of said city. The plaintiffs are owners of lands and mortage liens on lands which lie outside of but adjoining the corporate territory of said city. In 1905, the city trustees of the city of Visalia levied a school tax on these outside lands of plaintiffs, and this tax becoming delinquent, the defendant T. W. Holder advertised the lands

for sale, and was about to sell the same for said taxes, whereupon plaintiffs brought this action to obtain a judgment adjudicating said tax to be invalid and void and enjoining the said T. W. Holder from selling said lands under said tax. The defendants filed an answer setting up that during the times mentioned in the complaint there was a school district composed of the territory inside of said city, and other territory adjoining on the outside, which included the lands described in plaintiffs' complaint, and that the tax has been rightfully levied on said lands as part of said school district. To this answer plaintiffs filed a general demurrer, which was sustained, and defendants declining to amend, judgment was entered in favor of plaintiffs according to the prayer of the complaint. From this judgment defendants appeal.

There is no doubt that by the general law (Municipal Corporation Act, stats. 1883, p. 24, and amendments of 1891 and 1901; Pol. Code, secs. 1576, 1670) power was given to the trustees of the city to levy a school tax upon the lands of the school district lying outside of the city. The law provides for the creation of a school district composed partly of the lands in the city and partly of the lands on the outside adjoining it. In such cases the residents of the district outside of the city have a right to vote for the board of education, or school trustees, of the district; the board of education are to submit to the board of trustees of the city an estimate of the tax deemed necessary for school purposes. When the tax is collected the board of education has full control over its expenditure; and in no instance shall the tax be greater than twenty cents on every hundred dollars' worth of property. It may be observed, whether this consideration be of importance or not, that there is no room left here for that oppression which may be exercised by the body having either unlimited or very extensive powers of taxation. The power of taxation given the city board of trustees is valid, unless there is some constitutional objection to the exercise of that power to any extent. The fact that the board of trustees of the city is given power, at the request of the board of education, to levy a tax on lands outside of the city, may afford a plausible excuse for indulgence in some general chatty talk about constitutional principles; but this power given the board of trustees does not violate any existing inhibition of the constitution which has been pointed out to

us. In our opinion, therefore, this contested power is not unconstitutional, but is valid and effective.

We think that there is a sufficient averment in the answer of the existence of the Visalia school district, at least as against an attack by a general demurrer. Of course, upon a trial, the question whether the said school district has been regularly and legally adopted under the law, will be open for examination and decision.

The judgment appealed from is reversed and the case remanded with directions to the superior court to overrule the demurrer to the answer.

Angellotti, J., Shaw, J., Henshaw, J., Sloss, J., and Lorigan, J., concurred.