[Civ. No. 2812.  Second Appellate District, Division One.—July 3, 1919.]

S. P. WIBLE, Appellant, v. THE CITY OF BAKERS-FIELD (a Municipal Corporation), et al., Defendants; THE CITY OF BAKERSFIELD (a Municipal Corporation), Respondent.

[1] TAXATION—IMPROPER ASSESSMENTS—REMEDY OF PROPERTY OWNER.—Where the method of assessment used by an assessing officer is arbitrary and discriminatory, or fraudulent, the remedy of the property owner is by application to the board of equalization.

[2] ID.—LEVY FOR SCHOOL PURPOSES—ASSESSMENT OF LANDS OUTSIDE CITY LIMITS.—A city has the right to levy a tax for school purposes upon lands lying without the municipal limits, where such lands are included within the city school district.

[3] ID.—ASSESSMENT OF OUTSIDE PROPERTY—SUFFICIENCY OF ORDINANCE.—For school purposes, including the levying and collection of taxes, the municipal lines and the school district lines are deemed to be coincident; and an ordinance directing that the tax levy for school purposes be made upon "all taxable property within the city" is sufficient to include the assessment of property without the municipal limits but within the city school district.

APPEAL from a judgment of the Superior Court of Kern County. Milton T. Farmer, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. L. Foster and Chas. A. Barnhart for Appellant.

Walter Osborn, City Atorney, W. W. Kaye and Rowen Irwin for Respondent.

JAMES, J.—An adverse judgment was entered against the plaintiff in this suit and an appeal is taken therefrom.

The action was to quiet title to certain real property, some of it lying within and some without the corporate limits of the city of Bakersfield. The city of Bakersfield by answer alleged that certain liens in its favor existed against the property for municipal taxes which had not been paid by

2. Remedy of owner of particular class of property assessed at greater per cent of value than other property, note, **Ann. Cas.** 1914D, 916.

the plaintiff. On the lands lying without the city limits, the liens represented a levy for school purposes only. It appears that the city school district included, as is permitted by law, certain territory lying without the corporate limits of the municipality, and that the land of the plaintiff was all included within the limits of the municipal school district. It is claimed on behalf of appellant (1) that the assessment was void because the assessor did not, as required by the ordinance of the city, assess the property at its proper value, or that the assessment represented at all the judgment of the assessor in the matter, but that the same was arbitrary and discriminatory; (2) that the ordinance levying the tax for school purposes designated the territory affected as being that within the municipal limits only, and that therefore no legal levy was ever made upon the property lying without the municipal limits. These are the main contentions and those which have been principally discussed in the briefs.

1. The evidence showed that pursuant to the ordinance of the city, which provided that the assessor might use the county assessment-roll for the purpose of making up the assessment, the city assessor had that roll before her. At the suggestion of certain members of the city council and the city manager, and for the purpose of producing a sufficient amount of revenue, she fixed values upon all the property within the municipality sixty per cent above the value fixed by the county assessor on his roll—in other words, a horizontal raise of sixty per cent was made upon all property within the city proper. The property within the school district which lay without the municipal limits was not raised. As to the making of this assessment, the city assessor testified that she was satisfied to make the raise as suggested, and that when so made the valuations placed did not exceed the cash value of the property affected. In effect, her testimony was that the assessment when completed represented a fair valuation, in her judgment. What the character of the outside property was and whether the same proportionate increase in valuation was fairly applicable to that does not appear from the testimony. The plaintiff, however, did testify that in no case was the valuation fixed in excess of the market value of this property. It was admitted that all of the property within the city and all of

that lying without but within the school district was assessed alike, except that the county assessor's valuations controlled as to the outside property, and that the valuations were made up on the property inside the city as indicated by making the sixty per cent raise. It was also admitted that no application was made to the board of equalization on behalf of the plaintiff to have a reduction made, or that any complaint was made to said board as to the inequality of the assessment as entered. To our minds, the evidence was not sufficient to show a fraudulent assessment, as is claimed by the appellant. [1] Even if we concede that such fraud is impliedly to be deduced from the use of the method of assessment indicated, still the plaintiff, having failed to make any complaint before the board which was authorized to correct the assessment, cannot now attack the lien of the tax as having been created in an unauthorized way. There are a number of decisions which hold that the taxpayer's only recourse in such cases is to apply to the board of equalization, a leading one among which is *Los Angeles Gas & Electric Co.* v. *County of Los Angeles,* reported in 162 Cal., at page 164, [121 Pac. 384]. The opinion in that case goes further than it is necessary to go on this appeal, for it is there held that even where the application is made to the board of equalization and upon the ground of discrimination amounting to fraud in the assessment, the taxpayer will have no recourse without showing, in addition to the acts of fraud on the part of the assessing officer, the fact also that the board of equalization acted improperly and not upon a reasonable discretion.

[2] 2. The right of a city to levy a tax upon lands lying without the municipal limits for school purposes, where such lands are included within the city school district, is clear. (*Visalia Sav. Bank* v. *City of Visalia,* 153 Cal. 206, [94 Pac. 888].) [3] But, appellant argues, the ordinance levying the tax was not appropriate in its terms to include this outside territory, because it was ordered that the levy for school purposes be made upon "all taxable property within the city of Bakersfield for the support and maintenance of public schools." The item levying the tax for school purposes was distinct and separate from the other items in the ordinance. In determining as to what territory was included for that purpose, section 1576 of the

Political Code is important for consideration. That section deals with the annexation of territory to municipalities for school purposes, and contains the following declaration: "And such outside territory shall be deemed to be a part of said city or incorporated town for all matters connected with the school department thereof, for the annual levying and collecting of the property tax for the school funds of said city or incorporated town . . . provided, however, that the last assessment-roll made by the county assessor shall be the only basis of taxation for such school district on the property outside the corporate limits so annexed for school purposes." Therefore, it would follow that for school purposes, including the levying and collection of taxes, the municipal lines and the school district lines are deemed to be coincident. In our opinion, the language used in the ordinance, construed in connection with the provisions of the section just quoted from, is sufficient to sustain the assessment on the outside property.

No other points are suggested which seem to merit particular discussion. We think that the court was correct in determining the title to the real property to be in the plaintiff, except that the city of Bakersfield was possessed of the tax liens the amounts of which are set forth in the findings.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.